Edward O. Provenzano, J.
On July 1, 1966 the City of Rochester, New York ,and Local 1071, Rochester Fire Fighters Association AFL-CIO, I. A. A. F. (the plaintiff herein) entered into a written collective bargaining agreement for a period of two years, which provided for the “ checkoff ” of union dues from the wages of fire bureau employees.
.By a proceeding instituted pursuant to article 78 of the CP'LR, the petitioners therein (including the defendant herein) sought:
1. An adjudication declaring that the said “ checkoff ” arrangement, insofar as it purported to apply to said petitioners and all the other members of the city fire bureau who had not filed a valid written authorization for deduction for union dues in accord with section 93-b of the General Municipal Law of the State of New York, was contrary to law;
2. An order restraining and enjoining the City of Rochester, New York from making any such deduction from their earnings and all 'others similarly situated; and
*1033 3. An order restraining and enjoining said Local 1071 from taking any action to enforce the said “ checkoff ” provisions in connection with said petitioners and all others similarly situated.
Deciding that the question posed was one of law, turning simply on the scope and meaning of section 93-b of the General Municipal Law of the State of New York, Honorable Marvin B. Dye, Justice of the Supreme Court, on November 14, 1966, granted the prayer of the petitioners (Matter of Devita v. Scher, 52 Misc 2d 138). An order and judgment was entered on November 23,1966. No appeal was taken.
Following the above background, by summons dated February 10, 1967 and complaint, said Local 1071, by its officers, commenced an action against Morton Fink, the defendant herein (one of the petitioners in the article 78 proceeding) to recover the sum of $2.50 per month commencing July 1, 1966, said sum being an amount equivalent to the monthly dues assessed to union members and to which monthly payments the plaintiff alleges it is entitled under the terms of the agreement between the City of Bochester, New York and Local 1071.
The defendant has not interposed an answer to the complaint. However, a motion to dismiss the complaint pursuant to CPLB 3211 (subd. [a], pars. 5, 7) upon the grounds of res judicata and failure to state a cause of action, is now before this court.
As to the asserted ground of res judicata this court is of the opinion that the judgment entered in the above referred-to article 78 proceeding did not decide the issue presently before this court although said issue could have and perhaps should have been raised in that proceeding. A reading of the petition clearly shows that the petitioners ¡sought and prayed for relief from the 11 checkoff” provisions of the .subject agreement.
Accordingly, this court holds that the said judgment in the article 78 proceeding is not a final judgment determining the issue before this count as the issue before this court was not distinctly put in issue in the article 78 proceeding.
The remaining question is whether the plaintiff herein has stated a cause of action. To answer this question it is necessary to determine whether an “ agency shop ” agreement is applicable to civil service employees.
The case of Labor Board v. General Motors (373 U. S. 734), held that an “ agency shop ” agreement is valid and may obligate an employee to pay the equivalent of dues as a “ condition of continued employment.” That case however, involved private industry employees as distinguished from public employees. This distinction must be considered.
*1034 Section 6 of article V of the Constitution of the State of New York reads in pertinent part as follows: “ Appointments and promotions in the civil .service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ’ ’.
Subdivision 1 of section 75 of the Civil Service Law of the State of New York reads in .pertinent part: “ 1. Removal or disciplinary action. A person described in paragraph (a) or paragraph (b), or paragraph (c) of this subdivision shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section. ’ ’
The Public Employees’ Fair Employment Act (Civil Service Law, art. 14; L. 1967, ch. 392; also known as the Taylor Act) by section 202 thereof reads:
“ Public employees shall have the right to form, join and participate in, or to refrain from forming, joining, or participating in, any employee organization of their own choosing.”
In evaluating the Labor Board v. General Motors case (supra) upon which the plaintiff herein relies, this court concludes that holding in that case making payment to unions of amounts equal to monthly dues a condition of continued employment, would violate both the letter and the spirit of said section 6 of article V of the Constitution of the State of New York and subdivision 1 of section 75 of the Civil Service Law of the State of New York.
This court is mindful that the Public Employees’ Fair Employment Act, to which reference is hereinabove made, did not become effective until September 1, 1967, a date subsequent to the effective date of the .subject collective bargaining agreement herein, viz;, July 1, 1966. Mention of said section 202 of said act is herein made solely for the purpose of pointing up the fact that the continued policy of the State of New York towards its public employees insofar as union involvement is concerned is one of complete volition on the part of public employees.
This court concludes and determines that “ agency shop” agreements are not applicable to civil service employees who do not voluntarily subscribe to such agreements, and accordingly grants the defendant’s motion to dismiss the complaint, without costs.