SMIGEL *v.* SOUTHGATE COMMUNITY SCHOOL DISTRICT

1. LABOR RELATIONS—PUBLIC EMPLOYEES—LEGISLATURE.
    What the public policy should or should not be in the area of
    a negotiated agency shop provision in a collective bargaining
    agreement between a public employer and public employees is
    the task of the legislature and not the task of the courts.

2. LABOR RELATIONS—PUBLIC EMPLOYEES.
    The right of public employees to organize for the purpose of
    collective bargaining is established by statute and the repre-
    sentative selected by a majority of the public employees in
    a unit becomes the exclusive representative of all employees
    in the unit for the purpose of collective bargaining in respect
    to rates of pay, wages, hours of employment or other con-
    ditions of employment and shall be so recognized by the public
    employer (MCLA §§ 423.209, 423.211).

3. LABOR RELATIONS—PUBLIC EMPLOYEES.
    A public employer must maintain a position of neutrality with
    respect to membership or non-membership in a labor organiza-
    tion when dealing with its public employees (MCLA § 423-
    .210).

4. LABOR RELATIONS—PUBLIC EMPLOYEES—AGENCY SHOP.
    The legislature did not intend to eliminate agency shop agree-
    ments in public employment collective bargaining contracts
    (MCLA §§ 423.210, 423.211).

5. LABOR RELATIONS—SCHOOLS AND SCHOOL DISTRICTS—AGENCY SHOP.
    The validity of an agency shop provision in a collective bar-
    gaining agreement between a school district and a teachers'
    association hinges on the relationship between payment of a
    sum equivalent to dues of the teachers' association and a
    non-member's proportionate share of the cost of negotiating

---

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 48 Am Jur 2d, Labor and Labor Relations §§ 1191–1195.

and administering the contract involved; if that payment is greater or less than the proportionate share, then the agency shop provision is invalid (MCLA § 423.210).

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 April 13, 1970, at Detroit. (Docket No. 7,298.) Decided May 28, 1970. Leave to appeal granted October 26, 1970. 384 Mich 772.

Complaint by Jean Smigel and others similarly situated for an injunction to restrain application of a collective bargaining agreement between Southgate Community School District, and Southgate Education Association. Application for injunction denied. Plaintiffs appeal. Reversed and remanded.

*Clark, Hardy & Lewis* (*Charles Fine,* of counsel), for plaintiff.

*Levin, Levin, Garvett & Dill* (*Irwin B. Ellmann,* of counsel), for defendants except Southgate Community School District.

*William J. DeBiasi,* for Southgate Community School District.

*Rothe, Marston, Mazey, Sachs & O'Connell, amicus curiae.*

*Keller, Thoma, McManus & Keller* (*Thomas H. Schwarze,* of counsel), *amicus curiae.*

Before: Quinn, P. J., and J. H. Gillis and O'Hara,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

QUINN, P. J.   Defendant association is the certified collective bargaining representative for the teachers employed by defendant school district. Plaintiffs are some of the teachers employed by the district but they are not members of the association. September 4, 1968, the employer and the association executed a collective bargaining agreement for the 1968–1969 and 1969–1970 school years, which had been ratified by a majority of the school board and by a majority of the members of the association attending the ratification meeting.   Article 2, § A of that contract reads:

"All teachers as a condition of continued employment shall either:

"1. Sign and deliver to the board an assignment authorizing deduction of membership dues and assessments of the association (including the National and Michigan Education Associations) and such authorization shall continue in effect from year to year unless revoked in writing between June 1 and September 1 of a given year.   Such sums shall be deducted during the eight (8) consecutive pay periods commencing the 1st pay of October from the salary of all teachers authorizing deductions and remitted within thirty (30) days to the association.   Teachers joining the association at the beginning of the second semester and signing and delivering to the board an assignment authorizing deduction of said membership dues, may have dues for that semester deducted from the six (6) consecutive pay periods commencing the 1st pay of February, or

"2. Sign and deliver to the board an assignment authorizing deduction of a representation fee equivalent to the dues and assessments of the association (including the National and Michigan Education Associations).   Such sums shall be deducted during the eight (8) consecutive pay periods commencing the 1st pay of October from the salary of all teachers authorizing deductions and remitted within thirty

(30) days to the association. Teachers beginning their employment at the beginning of the second semester and signing and delivering to the board an assignment authorizing deduction of said representation fees may have fees for that semester deducted from the six (6) consecutive pay periods commencing the 1st pay of February.

"Any teacher who wishes to pay cash for this fee must pay the full amount to the treasurer of the SEA within thirty (30) days of the commencement of employment.

"In the event the representation fee shall not be paid, the board upon receiving a signed statement from the association indicating the teacher has failed to comply with this condition, shall immediately notify said teacher that his services shall be discontinued at the end of the current semester. The board shall follow the dismissal procedure of the Michigan tenure act. The refusal of said teacher to contribute fairly to the costs of negotiation and administration of this and subsequent agreements is recognized as just and reasonable cause for termination of employment. However, if at the end of the semester, the teacher, or teachers, receiving the termination notice shall then be engaged in pursuing any legal remedies contesting the discharge under this provision before the Michigan Tenure Commission, or a court of competent jurisdiction, such teacher's service shall not be terminated until such time as such teacher or teachers have either obtained a final decision as to the validity or legality of such charge, or such teacher or teachers have ceased to pursue the legal remedies available to them by not making a timely appeal of any decision rendered in said manner by the tenure commission, or a court of competent jurisdiction.

"This section is subject to an indemnity agreement executed September 3, 1968 between the parties which is incorporated herein by reference."

A communication dated September 16, 1968, was sent to all non-members of the association. It read:

"September 16, 1968

"To:        Non-members of SEA
From:      Donald C. Kouba, Pres. SEA
Subject:   Agency Shop

"Agency Shop is a reality in the Southgate Community School District. What does this mean to you as an employee?

"Basically, you have four choices. They are as follows:

"1. Become an active member in the Southgate Education Association. (See attached form.)

"2. By October 2, 1968 pay to our treasurer, Pat Lendzion, $81.50 which is the equivalent dues paid by members of the SEA. This *will not* entitle you to a vote in our Association.

"3. By September 23, 1968 sign and deliver to our treasurer an authorization for monies to be deducted from your payroll. (See attached form.)

"4. Do not contribute and your employment will be terminated at the end of the first semester.

"It is hoped that each and every employee will choose the first option and become an active voice in the Southgate Education Association. The two dates of importance are: Payroll deduction: Sept. 23, 1968; Cash: Oct. 2, 1968.

"Respectfully submitted,
/s/ *Donald C. Kouba*
Donald C. Kouba"

September 26, 1968, plaintiffs filed this action to restrain application of the collective bargaining agreement, specifically article 2 thereof. After hearing oral argument and considering the written briefs, the trial court filed a written opinion holding valid the contested article 2, and by subsequent order, denied the relief sought.

The concise statement of proceedings and facts certified by the trial court establish that defendant

school district is a public employer within the meaning of the Public Employment Relations Act[1] (hereinafter referred to as PERA); that Southgate Education Association (hereinafter referred to as SEA) has been the certified collective bargaining agent for the teachers of the district since 1965; and that plaintiffs are members of the bargaining unit represented by SEA and are covered by the collective bargaining agreement. Neither Michigan Education Association nor National Education Association (hereinafter referred to as MEA and NEA) are signatories to this agreement.

The validity of art 2, § A, of the agreement under the provisions of PERA is the controlling issue and we deal with it first. We have not been cited to nor has independent research disclosed controlling precedent in this field of public employment and a negotiated agency shop provision in a collective bargaining agreement between a public employer and public employees. What the public policy in this area should or should not be is the task of the legislature and not the task of the courts. Our task is to determine the validity of the contract provision before us according to existing policy as legislatively announced. This precludes consideration of precedents in the private employment field.

The right of public employees to organize for the purpose of collective bargaining is established by MCLA § 423.209 (Stat Ann 1968 Rev § 17.455[9]). The representative selected by a majority of the public employees in a unit becomes the exclusive representative of all employees in the unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment or other conditions of employment and shall be so recognized by the pub-

---

[1] MCLA § 423.201 et seq. (Stat Ann 1968 Rev § 17.455[1] et seq.).

lic employer.  MCLA § 423.211 (Stat Ann 1968 Rev
§ 17.455[11]).

MCLA § 423.215 (Stat Ann 1968 Rev § 17.455[15])
provides:

"A public employer shall bargain collectively with
the representatives of its employees as defined in
section 11 and is authorized to make and enter into
collective bargaining agreements with such repre-
sentatives.  For the purposes of this section, to bar-
gain collectively is the performance of the mutual
obligation of the employer and the representative
of the employees to meet at reasonable times and
confer in good faith with respect to wages, hours,
and other terms and conditions of employment, or
the negotiation of an agreement, or any question
arising thereunder, and the execution of a written
contract, ordinance or resolution incorporating any
agreement reached if requested by either party, but
such obligation does not compel either party to agree
to a proposal or require the making of a concession."

Up to this point, the legislatively announced policy
is clear that organization for collective bargaining
purposes, negotiation and collective bargaining and
resulting contracts with respect to "conditions of
employment", among other things, are sanctioned in
the public employment sector.  It is not clear, how-
ever, that agency shop or any form of union secu-
rity agreement is a valid "condition of employment"
and subject to collective bargaining in the public em-
ployment sector.  PERA contains no provision spe-
cifically authorizing union security agreements as
does MCLA § 423.14 (Stat Ann 1968 Rev § 17.454
[15]).

Assuming, without so deciding, that agency shop
is a valid "condition of employment" and subject to
collective bargaining in the public employment field,
that bargaining is restricted by MCLA § 423.210

(Stat Ann 1968 Rev § 17.455[10]): "It shall be unlawful for a public employer or an officer or agent of a public employer * * * (c) to discriminate in regard to hire, terms or other conditions of employment in order to encourage or discourage membership in a labor organization." This language mandates that the public employer maintain a position of neutrality with respect to membership or nonmembership in a labor organization when dealing with its public employees.

Does this language indicate a legislative intent to eliminate agency shop agreements in public employment collective bargaining contracts? Standing alone, it might. In context with the rest of the statute, it does not. MCLA § 423.211, *supra,* requires the selected representative to bargain for all employees, union and non-union. If benefits derive from such bargaining, non-union as well as union members enjoy those benefits, and it would be inequitable not to require non-union members to pay their proportionate share of the cost of obtaining and administering such benefits.

It is apparent from reading art 2, § A, *supra,* of the contract here involved that the validity of this agency shop provision hinges on the relationship between payment of a sum equivalent to the dues of SEA, MEA and NEA and a non-member's proportionate share of the cost of negotiating and administering the contract involved. If that payment is greater than or less than that proportionate share, the agency shop provision is in violation of MCLA § 423.210, *supra.*

Although plaintiffs alleged in their complaint that payment of dues by members of the association entitled members to certain benefits not available to non-members paying an amount equivalent to those dues, no proofs were taken in this area. The record

before us does not permit determination of the validity or invalidity of this agency shop provision.

The question presented by this action is of major significance to all public education of this state. Const 1963, art 8, § 3, reposes leadership and general supervision over all education in the State Board of Education. It should be a party to this action. Pursuant to the authority of GCR 1963, 820.1(7), we order the State Board of Education to join the action as a party according to its constitutional obligation and its interests.

The SEA and the board of education of the school district participated in the bargaining for and drafting of the contract. They have or can obtain the factual information to establish what relationship there is between a sum equivalent to the dues of the association and a non-member's proportionate share of the cost of negotiating and administering this contract. The SEA and the board of education shall have the burden of going forward with the proofs on remand.

Plaintiffs have contended on appeal that the Teacher Tenure Act[2] precludes a teacher from being discharged for failure to comply with an agency shop provision. The agency shop clause before us specifically provides for dismissal pursuant to the provisions of that act for non-compliance with the agency shop provision.

Plaintiffs also contend that CL 1948, § 750.353 (Stat Ann 1954 Rev § 28.585) precludes any deduction from their wages without their consent. We hold that statute inapplicable. The terms of the agency shop provision preclude deduction without authorization.

---

2 PA 1937, No 4, as amended (CL 1948, § 38.71 *et seq.;* Stat Ann 1968 Rev § 15.1971 *et seq.*).—REPORTER.

We decline to pass on other issues presented without a factual record. Any issues raised by the pleadings, except those decided by this opinion, are subject to proof on remand.

Reversed and remanded for proceedings consistent with this opinion. No costs are allowed due to the public question involved.

All concurred.