John T. Casey, J.
The issue presented by this article 78 proceeding is whether the Public Employment Relations Board (PERB) acted in an arbitrary manner when it held that the *953 Monroe-Woodbury Board of Education did not commit an unfair labor practice by refusing to negotiate with petitioner concerning an “ agency shop ” proposal.
During the course of collective negotiations with the MonroeWoodbury Board of Education, the petitioner, a teacher’s association, submitted an item entitled “ Support of Exclusive Teacher Representative ” for negotiation. According to its terms, in order to retain his employment a teacher had to be either a member of the association (petitioner) or execute an authorization whereby the employer (Board of Education) would deduct an amount equal to the dues paid by a member of the association from such nonmember’s salary and pay over that amount to the association. The proposal is commonly called an ‘ ‘ agency shop ’ ’. The board refused to negotiate concerning this item and asked the association to withdraw the proposal from negotiations. The association refused.
Subsequently, petitioner filed an unfair labor practice with PERB alleging that the Board of Education had violated paragraph (d) of subdivision 1 of section 209-a of the Civil Service Law. Specifically, it claimed the Board of Education had failed to bargain in good faith when it refused to negotiate concerning the agency shop. The matter was referred to a hearing officer and the parties agreed upon a stipulated set of facts. Thereafter, the hearing officer rendered a decision and recommended order. PERB agreed with the recommendations of the hearing officer and issued the order that is the subject of this proceeding.
According to PERB, an agency shop proposal could be negotiated by the Board of Education and the petitioner. PERB also concluded, however, that the proposal was illegal and, therefore, was not a mandatory item of negotiations. This being so, PERB continued, the Board of Education could refuse to negotiate concerning the proposal and such action could not be characterized as a failure to negotiate in good faith.
Pursuant to subdivision (a) of section 213 of the Civil Service Law, petitioner commenced this article 78 proceeding to review PERB’s determination. The petitioner claims PERB acted arbitrarily because (1) it lacked the power to determine whether the agency shop proposal was legal, or (2) if PERB had such power, its characterization of the agency shop as illegal was arbitrary.
PERB may not, petitioner argues, classify the agency shop as a permissive item of negotiations upon the ground that it is illegal. Instead, according to the petitioner, PERB is limited to determining whether an agency shop is a term or condition of employment within the ambit of subdivision 4 of section 201 of the Civil *954 Service Law; and if PEEB finds it falls within subdivision 4 of section 201, the parties must negotiate concerning that item.
An administrative body may not issue unconstitutional orders. (Matter of Sloat v. Board of Examiners, 274 N. Y. 367.) Therefore, if a party to negotiations charged another with committing unfair labor practice by failing to bargain over an obviously unconstitutional term or condition of employment, a directive by PEEB to bargain on that item would be erroneous. (Cf., Matter of Sloat v. Board of Examiners, supra.) This being so, it is not difficult to conclude that an order by PEEB directing a party to bargain concerning an obviously illegal item would be erroneous.
The agency shop proposal is clearly illegal. Section 202 of the Civil Service Law provides: ‘ ‘ Public employees shall have the right to form, join and participate in, or to refrain from forming, joining or participating in, any employee organization of their own choosing.” Under that section, the public employee is given the right to determine whether he wishes to form, join or participate in the union. The agency shop, which under threat of dismissal requires a teacher to either join or pay dues to the association, contravenes the legislative policy contained therein.[1] (Ritto v. Fink. 58 Misc 2d 1032.) Furthermore, PEEB found, and I agree, that the agency shop would be prohibited under subdivision 2 of section 3012 of the Education Law and section 93-b of the General Municipal Law.[2]
In sum, where an item submitted for negotiations is clearly illegal, PEEB must recognize such illegality. Furthermore, once having done so, PEEB does not act in an arbitrary manner by failing to find that a party has committed an unfair labor practice by refusing to negotiate concerning such an item.
*955 I do not intend this decision to mean that PERB may question and determine the legality of items which are not obvious. That issue was not before me and was not decided.[3]
The petition is dismissed.

. I am aware of the decision in Smigel v. Southgate Community School District, 180 N. W. 2d 215, 63 Labor Cases 52, 341 (Mich. App.) wherein an agency shop proposal was not declared invalid. It appears from that decision that the Michigan statutes relating to public employees did not contain an absolute grant of a right to public employees to refrain from forming, joining or participating in an organization. The absence of such legislation distinguishes Smigel from the present case.

. Before the 1969-70 regular session of the New York State Senate, Senate Bill 5541 was proposed. The purpose of the bill was to remove the legal barriers to agency shops in the private sector and make the agency shop a subject for negotiations after an employee organization has complied with the Civil Service Law for two years. The proponents of the bill felt the legal barriers were contained in section 93-b of the General Municipal Law and section 6-a of the State Finance Law. The bill was not enacted.

. In this regard note that parties to an agreement may negotiate concerning proposals and test their legality by an action for a declaratory judgment. (Board of Educ. of Union Free School Dist. No. 3 v. Associated Teachers of Huntington, 36 A D 2d 753.)