[Civ. No. 25726.    Second Dist., Div. Three.    Aug. 24, 1962.]

ELMER RENKEN et al., Plaintiffs and Appellants, v. COMPTON CITY SCHOOL DISTRICT et al., Defendants and Respondents.

Levy, Russell, DeRoy & Geffner, Levy, DeRoy, Geffner, Koszdin & Glow and Leo Geffner for Plaintiffs and Appellants.

Harold W. Kennedy, County Counsel, and James W. Briggs, Deputy County Counsel, for Defendants and Respondents.

FORD, J.—The petitioners have appealed from a judgment denying their petition for a writ of mandate compelling the school district to grant the request of each petitioner that the district deduct the amount of his union dues from his salary or wages and remit the money to Local Union 99 of the Los Angeles City and County School Employees Union, and compelling the district to so act with respect to other employees of the district "presently employed or employed at a later date who are members or become members of Local Union 99" and who authorize such deduction. In support of their position, the petitioners rely upon the provisions of sections 1157.1[1] and 1157.3[2] of the Government Code. After the entry of the

[1]Section 1157.1 is as follows: "Employees of a public agency, on approval of, and in accordance with the provisions made by the governing body of the public agency, may authorize deductions to be made from their salaries or wages for the payment of dues in any bona fide association (a) whose members are comprised exclusively of the employees of such public agency, or (b) whose members are comprised exclusively of the employees of such public agency and one or more public agencies the pay rolls of which are prepared by the same finance officer, or (c) whose members are comprised exclusively of the employees of such public agency or agencies as provided in (a) or (b) above, together with former employees of such public agency or agencies if such former employees (1) were employees of such public agency or agencies at the time of joining such association, and (2) were members of such association at the time of ceasing to be such employees."

[2]At the time of the filing of the petition and at the time of the judgment in the present case, section 1157.3 was as follows: "Employees of a public agency on approval of the governing body of such public agency in addition to any other purposes authorized in this article may also

judgment, changes made in section 1157.3 in 1961 became effective.[3]

In substance the findings of fact of the trial court were in part as follows: 1. ''Local 99 is a bona fide association which includes in its membership one or more persons who are not public employees''; there is not a ''bona fide association forming a sub-unit of said Local 99'' in the school district. The union includes in its membership noncertified employees engaged in work such as maintenance and operation of school property and has approximately 20 to 25 members who are so employed by the Compton City School District. 2. Each of the 10 petitioners is ''a bona fide member of said Local 99'' and an employee of the school district and desires to have deductions made from his salary or wages for his dues. On or about November 23, 1959, a request was made to the governing board of the district that such deductions be made but the board has refused to do so except that with respect to one James Woods such a request has been granted in compliance with a peremptory writ of mandate issued pursuant to the judgment of the superior court rendered in the case of *Woods* v. *Compton City School District* on or about November 7, 1960. 3. Another association, California School Employees Association, is ''organized on a state-wide basis, with local chapters and state and local officers.'' Chapter 76 thereof is ''a bona fide association whose members are comprised solely of non-certificated employees'' of the Compton City School District; the number of members of Chapter 76 is approximately 135. The number of employees of the district who are eligible for membership in Local 99 and in Chapter 76 is approximately 255. 4. Although requested to do so ''one or two years prior to June 22, 1959,'' the governing board of the district did not authorize deductions for dues of members of Chapter 76 until that date, when

authorize deductions to be made from their salaries or wages for the payment of dues in any bona fide association whose members are comprised exclusively of public employees in accordance with the provisions made by the governing body of the public agency.''

[3]Section 1157.3 is now as follows: ''Employees, including retired employees, of a public agency on approval of the governing body of such public agency in addition to any other purposes authorized in this article may also authorize deductions to be made from their salaries, wages, or retirement allowances for the payment of dues in any bona fide organization whose membership is comprised, in whole or in part, of employees of such agency and employees of such organization and which has as one of its objectives improvements in the terms or conditions of employment for the advancement of the welfare of such employees, such deductions to be made in accordance with the provisions made by the governing body of the public agency.''

it was demonstrated to the board that more than a majority of the employees of the district eligible for membership were in fact members of Chapter 76. Since approximately July 1, 1959, such deductions have been made and transmitted to Chapter 76 with respect to employees who have requested that such be done. 5. On January 23, 1961, the governing board of the district adopted a resolution which was as follows: "Monthly payroll deduction for dues to employee associations will not be considered unless a minimum of 50% of the employees eligible for membership in the specific organization applying for this privilege so indicate by a signed order that they desire such a service." 6. Less than 50 per cent of the district's employees who are eligible for membership in Local 99 have requested such deduction of dues. 7. If the district is required to deduct such dues without regard to the number of the district's employees who are members of the particular employees' association involved, "the presently great burden on the accounting and clerical staff" of the district with respect to deductions from wages and salaries "could thereby be increased without foreseeable limitation."

With respect to the eleventh cause of action, which was in the nature of a representative action, the findings of fact of the trial court were in part as follows: 1. The members of Local 99 who are employed by the school district "are not so numerous that it is impossible or impracticable to bring them all before this court." 2. All of such members who are employed by the district "have an interest in the matters pending in this Petition in that each of said members desires to execute a payroll deduction authorization" with respect to dues payable to Local 99. 3. In the *Woods* case, in which the allegations of the petition for a writ of mandate were "almost identical with those contained in the eleventh cause of action," the trial court declined "to render judgment and to issue a writ of mandamus in favor of Petitioner James Woods in a representative capacity" but limited its determination to the request for deduction of the dues of Woods individually. 4. The rejection by the governing board of the district of the request of representatives of Local 99 for deductions for other members of Local 99 employed by the district, which request was the same as that made by Woods, "is in accordance with the resolution adopted January 23, 1961, by the governing board. . . ." Except for the adoption of that resolution, the present conditions and circumstances are the same as those

which existed at the time the petition was granted in the *Woods* case.

Among the conclusions of law were the following: 1. "Local 99 . . . is a bona fide association, but those members of said Local 99 who are also members of Respondent Compton City School District have not formed or organized a 'bona fide association' as that term is used in Section 1157.1 or Section 1157.3 of the Government Code." 2. In adopting the resolution of January 23, 1961, the governing board of the district "acted within its lawful powers granted by Sections 1157.1 and 1157.3 of the Government Code and by Section 984 [subd.] (a) of the Education Code."[4] 3. The school district "did not act in an arbitrary, capricious or discriminatory manner in classifying Chapter 76 . . . differently from Local 99 . . . for the purpose of granting the privilege of dues deductions under Section 1157.1 or Section 1157.3 of the Government Code."

▇ With respect to the individual cases of the petitioners as respectively set forth in the first ten counts of the petition, the judgment in favor of Woods in the earlier case was not determinative of any issue under the doctrine of res judicata. (See discussion in *Nevarov* v. *Caldwell*, 161 Cal.App.2d 762 [327 P.2d 111].) ▇ Moreover, while the court in the earlier case declined to grant the requested relief to the class which Woods undertook to represent in that proceeding, such disposition was not necessarily on the merits since the issuance or refusal of such a writ lies to a considerable extent within the sound discretion of the court. (See *Bartholomae Oil Corp.* v. *Superior Court*, 18 Cal.2d 726, 730 [117 P.2d 674].) The trial court may have concluded that there was no need to consider any expansion of the substance of the judgment inasmuch as it was reasonable to assume that in the future the district would abide by the court's determination of the legal question presented in the individual case of Woods.[5] ▇▇ As

---

[4] Section 984 of the Education Code is in part as follows: "The governing board of any school district shall:

(a) Prescribe and enforce rules not inconsistent with law or with the rules prescribed by the State Board of Education, for its own government, and for the government of the schools under its jurisdiction."

[5] In the brief of the school district, the county counsel states: "All that the respondents in this case have desired has been a full and fair hearing of the factual issues involved on the merits. This they did not receive in the *Woods* case and when the *Renken* case was being tried, counsel for respondents asserted in open court that should there be a final judgment against the respondents in this, the *Renken* case, all

said in *Collins* v. *City & County of San Francisco,* 112 Cal. App.2d 719 [247 P.2d 362], at page 724: "It is now well settled that the denial of an application for a prerogative writ will not be considered to be a denial on the merits and so res judicata, if any other possible ground for denial exists." Consequently, the doctrine of res judicata is inapplicable with respect to the eleventh cause of action in the present case.

It is to be noted that the findings of fact in the present matter contain the following language: "All of the employees of Respondent Compton City School District who are also members of Local 99 have an interest in the matters pending in this Petition in that each of said members desires to execute a payroll deduction authorization to authorize the governing board [of the school district] . . . to deduct their dues to said Local 99 from their monthly salary and to transmit said dues to said Local 99, and Petitioners bring this action in their own behalf and in behalf of all employees of [the school district] . . . who are also members of said Local 99." Such a situation presents a sufficient basis for a class suit or proceeding. In that manner an important question of continuing interest to members of an association can be determined without resort to repeated litigation with respect to the same basic issue. As stated in 2 Witkin on California Procedure, at page 1081: "A representative suit may be brought though the *parties are not numerous* and it is in fact *practicable* (though inconvenient) *to join all of them.* This is on the theory that the statute sets forth alternatives: either a question of common interest of many persons *or* parties so numerous that it is impracticable to bring them in. The first alternative allows a class suit on behalf of 'many' persons even though they are not too numerous to join, and 'many' is an elastic term. (See *Jellen* v. *O'Brien* (1928) 89 Cal.App. 505, 509 [264 P. 1115] [action by member of San Francisco Furniture Dealers Association]; 30 Cal. L. Rev. 351; 6 Stanf. L. Rev. 127, 131; Clark, p. 399.)"

The petitioners concede that the making of deductions with respect to dues is permissive with the public agency. But they assert that the "question is whether a public agency, including

members of the class would be accorded the rights accorded the petitioners by such final judgment.

"The assertion there made will be honored should the final judgment in this case be in favor of the appellants. We merely wish to assert here that under the law, the doctrine of res judicata is fully applicable to bar the present representative cause of action, . . ."

a school district, once it has exercised its discretion and granted the dues check-off to one organization can then refuse to grant the same privilege to a similar type of organization.''

Section 1157.1 of the Government Code provides that such deductions, when the public agency undertakes to make them, are to be authorized by the employees ''in accordance with the provisions made by the governing body of the public agency.'' Section 1157.3 of that code, as it existed when the proceeding herein was commenced as well as at the time of judgment, contained language identical with that just quoted. It is obvious that such language permits the adoption of the usual administrative procedures, such as the requirement of the use of specified forms and the designation of the time within which particular action is to be taken, necessary to the orderly administration of a system of payroll deductions. But there remains the question of whether the school district was thereby authorized to adopt the resolution of January 23, 1961.

The court below upheld the validity of the resolution of January 23, 1961, under the terms of which the district declined to make deductions of dues of members of associations of employees unless ''a minimum of 50% of the employees eligible for membership in the specific organization applying for this privilege so indicate by a signed order that they desire such a service.'' Neither section 1157.1 nor section 1157.3 of the Government Code embodies such a limitation. The controlling question is whether the resolution is a valid administrative implementation of the statutory provisions.

A governing board of a school district has no authority to enact a rule or regulation which alters or enlarges the terms of a legislative enactment. (See *Ellis* v. *Board of Education,* 27 Cal.2d 322, 325 [164 P.2d 1]; *Whitcomb Hotel, Inc.* v. *California Emp. Com.,* 24 Cal.2d 753, 757 [151 P.2d 233, 155 A.L.R. 405]; *County of Los Angeles* v. *State Dept. of Public Health,* 158 Cal.App.2d 425, 438 [322 P.2d 968].)

The resolution not only adds a requirement not found in the pertinent code sections but is unreasonable and arbitrary in nature. While there was testimony that some employees belonged to both Local 99 and Chapter 76, the actual effect of the resolution is to limit the benefits of a system of deductions of dues to the organization which has the most members. The resolution is not founded upon a reasonable and substantial basis for classification with respect to action authorized by the provisions of sections 1157.1 and 1157.3 of the Government Code.

■ The conclusion just expressed is not weakened by the finding of fact that if the school district should "be required to deduct dues for members of any bona fide employees' association . . . regardless of the number of employees who might be members of such association, the presently great burden on the accounting and clerical staff [of the school district] . . . for deductions from wages and salary could thereby be increased without foreseeable limitation." Aside from the fact that such finding supplies no excuse for discrimination between the two organizations and aside from the fact that it is so indefinite as to be inefficacious, it has no substantial support in the record when it is viewed in relation to the specific question presented in this case. Pertinent portions of the testimony are set forth in the footnote.[6]

■ There remains the question of whether Local 99 is the kind of organization described in section 1157.1 or section 1157.3 (prior to the 1961 amendment of the latter section). Local 99's membership was not restricted to employees of the Compton City School District or to employees of that and other public agencies the payrolls of which were prepared by the same finance officer. Moreover, it appears that Mr. Bratrud, secretary-treasurer of Local 99, and another person who was the business representative of Local 99 for the Compton area

[6]Paul L. Beckman, the business assistant for the school district, testified in part as follows: "Q. If there were 20 to 25 more deductions, how much would that increase the time spent by Mrs. Smyth [school district employee]? . . . I am referring to dues deductions to Local 99. A. I see. Once they are set up there, there will not be too much time taken out. Q. Five minutes, ten minutes? THE COURT: Well, I think we are all just estimating. I will take judicial notice that it would make a little more work, not too much. . . . THE WITNESS: The work on pay roll deductions or the time that you are talking about, not all of the time that is involved is spent at the desk of Mrs. Smyth. This is an important point, as far as I am concerned, in that other time will be spent by other people, such as a bookkeeping machine operator in making this distribution that we have talked about. Q. BY MR. GEFFNER [counsel for petitioners]: Then would it be fair to say that for an increase of 20 to 25 pay roll deductions that that would increase the time spent by each employee on these projects to a minimal extent? A. It would make an increase in the area of preparing a warrant, in the area of making the breakdown as to the other deductions, processing the warrant. . . . THE COURT: . . . I think the main objection thus far is not necessarily the man or woman hours spent, but the mechanical setup of the particular form. Is that in substance your testimony? THE WITNESS: Yes. Q. BY MR. GEFFNER: How much time, in your estimation, would be spent on commencing or changing the procedures to include an additional deduction, pay roll deduction of this nature? A. Taking into consideration the 20 or 25 deductions that you have spoken about? Q. Yes. A. It would probably take about three hours to work out the processes on our cards. Q. About three hours? A. Yes. THE COURT: That is just at the outset? THE WITNESS: Yes, that's correct."

were not employees of any public agency. It seems to have been assumed at the trial by all parties that these two persons were members of Local 99 as well as employees thereof. Consequently, Local 99 was not an association of the nature described in either section 1157.1 or section 1157.3 of the Government Code as those sections existed prior to the entry of the judgment. For that reason alone the determination of the trial court would have to be sustained on this appeal unless the change in the provisions of section 1157.3, which amendment became effective after the notice of appeal herein, compels a different disposition.

It appears that Local 99, as composed at the commencement of the present proceeding and at the time of the determination of the issues in the superior court, was of such a nature as to come within the definition of a "bona fide organization" as now set forth in section 1157.3 of the Government Code. To compel the petitioners to institute a new proceeding in the court below to reassert their position in the light of that change in the law would only be to foster unnecessary circuity of action. While it is true that the general rule is that a petitioner's right to relief in a mandamus proceeding is determinable by the facts as they existed at the time the petition was filed (see *Palmer* v. *Fox*, 118 Cal.App.2d 453, 456 [258 P.2d 30]), the present posture of the case is brought about not by any change in the facts as such but rather by a change in the governing law. What petitioners seek to compel is future action inasmuch as deductions cannot be made from wages or salaries heretofore paid. Consequently, guidance in the prudent disposition of this case is found in the reasoning set forth in *Cal-Dak Co.* v. *Sav-On Drugs, Inc.*, 40 Cal.2d 492 [254 P.2d 497], wherein the appeal was from an order denying an application for a preliminary injunction. After that appeal had been taken there was an amendment of pertinent legislation by Congress so that a preliminary injunction was thereupon proper under the particular facts. The Supreme Court stated, at pages 496-497: " 'Relief by injunction operates in futuro, and the right to it must be determined as of the date of decision by an appellate court.' [Citations.] . . . The trial court has never passed on the question of whether defendant threatened to continue its acts during the pendency of the action. Hence the appropriate procedure is to reverse the order denying the preliminary injunction and remand the case to the trial court for such proceedings as are proper in the light of the 1952 change in the law.''

The school district contends, however, that the amendment of section 1157.3 of the Government Code in 1961 can have no effect upon the ultimate disposition of this case. The argument is stated as follows: ''Section 1157.3 is still permissive rather than mandatory in its terms. It is true that Local 99 may now be able to show that it qualifies for dues deductions under Section 1157.3, where the governing board approves. But here the governing board has given no indication of approving deduction of dues for any organization under Section 1157.3. It has approved deduction of dues for Chapter 76, but that organization qualified and still qualifies under the more restrictive provisions of Section 1157.1.'' No contention of that nature was made in the court below. Rather, substantial reliance was placed upon the resolution of January 23, 1961. But, in any event, for the reasons hereinafter stated the argument does not have the force which the school district attributes to it.

Chapter 76 is a local branch of a statewide association. Its composition with respect to membership is such as to bring it within the terms of section 1157.1. In fact, under the present language of that section membership need not be limited to employees of one public agency; the association may be one ''whose members are comprised exclusively of the employees of such public agency and one or more public agencies the pay rolls of which are prepared by the same finance officer.'' Local 99 is affiliated with the Building Service International Union and the AFL-CIO. It had, as of the time of the trial, a membership of approximately 3,800, of which some 3,500 were employees of the Los Angeles City School District. There were about 100 members who were employed by the Lawndale School District and approximately 30 or 40 members who were employed by the Lancaster School District. As heretofore noted, the composition of Local 99 as disclosed by the record appears to be such as to bring it within the class of organizations described in the present language of section 1157.3.

Section 1157.1 was enacted in 1951 and amended in 1955 and 1957. Section 1157.3 was enacted in 1957. However, they are both part of the article in the Government Code which deals with the subject of salary and wage deductions of various kinds. ''The numbering of sections of a statute is an artificial practice resorted to purely for convenience, and does not prevent the construction of the statute as a whole.'' (45 Cal.Jur.2d, Statutes, § 172, p. 673; see also *Estate of Bull,* 153 Cal. 715, 717 [96 P. 366].) The

sections are to be considered together. ■ Thereunder, legislative authorization appears to exist for deduction by the school district of dues for both Chapter 76 and Local 99. But such authority cannot be exercised in an arbitrary manner. If both organizations have substantially the same purposes and each serves substantially the same function on behalf of its members in relation to the school district, to deduct the dues of one and to decline to deduct the dues of the other is a use of the legislative authorization in an arbitrary and discriminatory manner. That kind of administration of granted authority is not permissible. (See *Del Mar Canning Co.* v. *Payne,* 29 Cal.2d 380, 382-383 [175 P.2d 231] ; *Fry* v. *Board of Education,* 17 Cal.2d 753, 758 [112 P.2d 229].)

The judgment is reversed and the cause is remanded to the trial court for such further proceedings as may be proper and in which the cause shall be considered on its merits in the light of the amendment in 1961 of section 1157.3 of the Government Code. Each party shall bear his or its own costs on this appeal.

Shinn, P. J., and Files, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied Octber 17, 1962. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.