In the Matter of JOHN J. KRAEMER, Individually and as President of Council 50, AFL-CIO, Appellant, *v.* ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, et al., Respondents; CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Intervenor-Respondent. (And One Other Proceeding.)

Third Department, December 7, 1970.

*William Goffen* for appellant.

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for respondents.

*De Graff, Foy, Conway & Holt-Harris (James W. Roemer, Jr.,* of counsel), for intervenor-respondent.

GREENBLOTT, J.   These are appeals from a judgment of the Supreme Court at Special Term, entered July 22, 1970 in Albany County, which dismissed petitioner's applications in proceedings

under article 78 of the CPLR to enjoin the Comptroller of the State of New York from discontinuing the practice of check-off of union dues and of deducting insurance premiums from the pay of members of Council 50, AFL-CIO.

In 1969 the Public Employment Relations Board (PERB) conducted elections for State employees represented in five units, resulting in the certification of the Civil Service Employees Association (CSEA) as the exclusive bargaining agent for all employees in four of those units. Pursuant to article 14 of the Civil Service Law (the Taylor Law), four contracts were negotiated which provided that CSEA should have exclusive payroll deduction of membership dues and insurance premiums for employees, and no other employee organization shall be accorded such privileges. Appellant thereupon instituted these proceedings to enjoin the Comptroller from refusing to make such deductions on behalf of Council 50.

Section 654 of the Executive Law authorizes the Director of the Office of Employee Relations to instruct a State officer, department, board, commission or agency to take such action as needed to implement and administer the provisions of a binding agreement between the State and a duly certified and recognized employee organization. This authority extends both to insurance deductions (L. 1970, ch. 458, § 9), and check-off of employee association dues (State Finance Law, § 6-a, subd. 2). These statutes clearly indicate that as to a nonrecognized, noncertified employees association, dues and insurance check-offs are not a vested right (Civil Service Law, § 208), but are a privilege which may be withheld at the discretion of the Director of Employee Relations. "Whatever discretion a public employer may have, under the act, to grant the check-off to a minority union not recognized as a bargaining agent * * * the employer is plainly under no obligation to do so." (*Matter of Bauch* v. *City of New York,* 21 N Y 2d 599, 606.)

Appellant's contention that the grant of exclusive privileges constitutes employer interference with the administration of an employee organization in contravention of paragraph (b) of subdivision 1 of section 209-a of the Civil Service Law, is unfounded. The use of a check-off or deduction system is a time-tested method of implementing union security and in no way interferes with an employee's right to associate with a minority union which is still free to collect dues or premiums by other means.

Since a public employer may make its grant of check-off privileges exclusive to the majority union (*Matter of Bauch* v. *City*

*of New York, supra*), the Director of Employee Relations properly terminated the exercise of check-off privileges by appellant. The judgment should be affirmed, without costs.

HERLIHY, P. J., REYNOLDS, COOKE and SWEENEY, JJ., concur.

Judgment affirmed, without costs.