[Civ. No. 13389. Third Dist. Oct. 30, 1972.]

SACRAMENTO COUNTY EMPLOYEES ORGANIZATION, LOCAL 22 SERVICE EMPLOYEES INTERNATIONAL UNION AFL-CIO et al., Plaintiffs and Appellants, v. COUNTY OF SACRAMENTO et al., Defendants and Respondents; AFSCME, SACRAMENTO COUNTY EMPLOYEES LOCAL 146, AFL-CIO et al., Interveners and Respondents.

## COUNSEL

Robert H. Sharpe for Plaintiffs and Appellants.

John B. Heinrich, County Counsel, and Robert Galgani, Deputy County Counsel, for Defendants and Respondents.

Warren, Adell & Miller, Hirsch Adell, and Charles Warren for Interveners and Respondents.

## OPINION

BYRNE, J.*—This is an appeal from an order denying a preliminary injunction in an action brought by plaintiffs to enjoin defendant county and its officers from deducting dues *only* from the salaries and wages *of members of recognized employee organizations,* and to require defendants to deduct dues for *all* employees upon request.

Plaintiffs and interveners are employee organizations representing various groups of Sacramento County employees. Defendants are the County of Sacramento and various named officers of the county. American Federation of State, County and Municipal Employees (AFSCME), Sacramento County Employees Local 146, AFL-CIO, hereafter referred to as "intervener," intervened on behalf of defendants and is a respondent herein.[1]

Pursuant to section 3507 of the Government Code,[2] the County of Sacramento in April of 1970 adopted an employee relations ordinance. That ordinance sets forth a procedure for employee organizations to seek the determination of representation units[3] to qualify as the recognized employee organization with respect to a unit and thereby become the exclusive representative for *meeting and conferring* with the county on behalf of the employees in that unit.

After the units were determined, representation elections were held

---

*Assigned by the Chairman of the Judicial Council.

[1]The Licensed Vocational Nurses League of California, Inc., was also permitted to intervene on behalf of plaintiffs. However, it did not appeal.

[2]Meyers-Milias-Brown Act, Government Code sections 3500-3510.

[3]A "unit" is defined in the ordinance as "a group of employees established pursuant to the provisions of this chapter [chapter 2.79, Sacramento County Code], as an entity appropriate for representation purposes."

under the supervision of the State Conciliation Service as provided by the ordinance. On June 21, 1971, the Sacramento County Board of Supervisors certified as "recognized" the employee organization for each of the units receiving a majority of the votes cast at the election.

Plaintiffs prevailed in two units, while intervener prevailed in three units.

Section 2.79.040 of the ordinance, relating to employee organization rights, provides in pertinent part as follows: "(f) Within a unit, dues deductions shall be permitted only for members of the recognized employee organization."

Following certification of the election results, administrative steps were taken to assure that dues were deducted from the pay of employees within a unit only in respect to membership in an organization certified as recognized for that unit.

The reasons for limiting dues deductions to the members of a recognized employee organization were set forth by Gerald M. Pauly, Sacramento County Employee Relations Officer, prior to the adoption of the ordinance: "After very careful consideration, we have concluded that it is in the best interest of the county and employee organizations to include in the ordinance a provision restricting dues deductions within a representation unit to the employee organization recognized as representing that unit. The major purpose of the ordinance is to provide county employees with an opportunity to designate one employee organization as the recognized negotiating agent for a particular group of employees. Permitting other employee organizations to continue dues deductions in the representation unit would promote and encourage continued strife between organizations within the unit. After a recognized organization had been selected by secret ballot majority vote of employees in a unit, it should be the only organization eligible for dues deductions within that unit. The Legislature in adopting Sections 3500 through 3511 of the Government Code stated that one of its purposes is to promote the improvement of employer-employee relations and to strengthen employer-employee relations. We believe that restricting dues deductions to the organization selected by a majority vote of employees in a unit is consistent with Legislative intent."

Before the administrative steps could be fully implemented, plaintiffs obtained a temporary restraining order staying action by defendants. That order was subsequently vacated and a preliminary injunction was denied. This appeal followed.

Plaintiffs first contend that this is a proper case for injunctive relief. This, of course, begs the question and is not of assistance in determining whether the court erred in denying the preliminary injunction based upon the facts and law presented to it.

Plaintiffs next contend that the denial of the relief requested appears to be based on the erroneous premise that the rules and concepts of industrial collective bargaining apply to California's public employees. They contend the memorandum of the trial court is "permeated" with this misconception. The memorandum states, in part, as follows:

"Under the Meyer-Milias-Brown Act of 1968, Sacramento County has formally acknowledged that certain employee organizations are 'recognized employee organizations.' Gov. C. § 3501(a). These 'recognized employee organizations' have the right to represent their members in their employment relations with the county, Gov. C. § 3503; and the county is required to meet and confer with them in good faith regarding wages, hours and conditions of employment, Gov. C. § 3505. Nothing in the Act prevents the county from meeting with other employee organizations. But apart from the right of individuals to represent themselves, Gov. C. §§ 3502, 3503, *the county may act as if the 'recognized employee organizations' were the exclusive bargaining agents or representatives.*" (Italics added.)

Plaintiffs seize on the emphasized language to argue that the court's concept expresses the theory of industrial collective bargaining which is completely foreign to the representation program designed by the Legislature for public employees.[4] (Gov. Code, § 3500 et seq.) They cite section 3509 of the Government Code which provides that section 923 of the Labor Code shall not be applicable to public employees. This section delineates the right of the worker in the private sector to bargain collectively. (See *Nutter* v. *City of Santa Monica* (1946) 74 Cal.App.2d 292 [168 P.2d 741].) Plaintiffs also argue that the concept of *exclusiveness* does not exist in the statute. (See Gov. Code, § 3507.)[5]

---

[4]Plaintiffs ignore the following language in the court's memorandum: "Such limitation of the right to dues deduction to the representative organization accords with *private and public* experience elsewhere." (Italics added.)

[5]At the time this lawsuit was filed, this section read: "3507. A public agency may adopt reasonable rules and regulations after consultation in good faith with representatives of an employee organization or organizations for the administration of employer-employee relations under this chapter (commencing with Section 3500).

"Such rules and regulations may include provisions for (a) verifying that an organization does in fact represent employees of the public agency (b) verifying the

■ It is settled in California that public employees have no right to bargain collectively. (*Almond* v. *County of Sacramento* (1969) 276 Cal. App.2d 32, 36 [80 Cal.Rptr. 518]; *City of San Diego* v. *American Federation of State etc. Employees* (1970) 8 Cal.App.3d 308, 310 [87 Cal.Rptr. 258].) Under the Meyers-Milias-Brown Act the public employer must "meet and confer in good faith regarding wages, hours and other terms and conditions of employment with representatives of . . . recognized employee organizations, . . ." (See Gov. Code, § 3505.)

A careful reading of the trial court's memorandum convinces us that it was not based on an erroneous premise. The main thrust of the decision is that the validity of and the authority for the county's action must be found under the pertinent code sections. The court states: "Its [dues deductions provision of ordinance] validity depends on the authority of the county under Gov. C. §§ 1157.1 and 1157.3. If, like §§ 1156, 1157.4 and 1157.5, they give the employees the right to have the deductions made, the restriction in the ordinance would be invalid. *Cf. Cal. State Employees' Assn.* v. *Regents of University of California,* 267 Cal.App.2d 667, 668-669 (1968). But if § 1157.1 and 1157.3 are merely permissive and not obligatory on the county, the restriction is valid. *Bauch* v. *City of New York,* supra, 237 N.E.2d at 213."

We think this approach was the proper one. Thus, plaintiffs' arguments with regard to industrial collective bargaining are largely irrelevant. The court was merely noting a practice in private industry and analogizing it to the problems in public employment.[6]

As a practical matter, realizing that in order to establish and prevent a two-party adversary relationship from becoming a multi-party scramble

---

official status of employee organization officers and representatives (c) recognition of employee organizations (d) additional procedures for the resolution of disputes involving wages, hours and other terms and conditions of employment (e) access of employee organization officers and representatives to work locations (f) use of official bulletin boards and other means of communication by employee organizations (g) furnishing nonconfidential information pertaining to employment relations to employee organizations (h) such other matters as are necessary to carry out the purposes of this chapter.

"No public agency shall unreasonably withhold recognition of employee organizations.

"For employees in the state civil service, rules and regulations in accordance with this section may be adopted by the State Personnel Board." (Stats. 1970, ch. 64, § 1.)

[6]See *Federation of Delaware Teach.* v. *De La Warr Bd. of Ed.* (D.Del.1971) 335 F.Supp 385, 389-390 (exclusive negotiation privileges granted to teachers' association promotes compelling state interest, i.e., to keep school buildings and grounds from becoming "labor battlefields").

following the adoption of the Meyers-Milias-Brown Act, the following counties adopted a program of exclusive representation for recognized employee organizations: Alameda, Contra Costa, Orange, San Diego and Santa Clara.

Plaintiffs contend that there is no provision in Meyers-Milias-Brown Act (and particularly Gov. Code, § 3507) authorizing payroll deduction of dues.

However, section 3507[7] does provide that a public agency *may* adopt reasonable rules and regulations after good faith consultation with representatives of employee organizations. The statute then sets forth seven broad areas in which a public agency may adopt rules. Finally, section 3507 provides that such rules and regulations may include provisions for "such other matters as are reasonably necessary to carry out the purposes of this chapter."

As we read the statute we are convinced that it provides only broad guidelines for the public agency. We find no restrictive intent upon the part of the Legislature. And when read with other applicable statutes (discussed *infra*), we find no lack of authority for the county to restrict payroll deduction of dues to recognized employee organizations.

The Legislature did not provide in specific terms what rules and regulations the local agency should or must adopt in extending exclusive recognition; rather, it left to local agencies themselves the right to ascertain principles consistent with the broad purposes of the act set forth in section 3500 of the Government Code. In adopting rules and regulations resolving disputes regarding wages, hours and other terms and conditions of employment the defendant county could consider under what circumstances it would extend dues deduction privileges to employee organizations. By not allowing dues deductions to competing organizations some insulation could be furnished to recognized employee organizations from constant challenges from competing organizations and help provide a more stable framework within which the public employer and a recognized organization can *meet and confer*.

Plaintiffs contend that separate statutory provisions provide for payroll deduction of organization dues and that these statutes do not permit

---

[7]This section was amended in 1971 to specifically provide that the rules and regulations could cover "exclusive recognition of employee organizations." (Stats. 1971, ch. 1575, § 1.)

severance in employee representation units. These statutes are sections 1157.1 and 1157.3 of the Government Code. They read:

"1157.1. Employees of a public agency, on approval of and in accordance with the provisions made by the governing body of the public agency, may authorize deductions to be made from their salaries or wages for the payment of dues in, or for any other services provided by, any bona fide association (a) whose members are comprised exclusively of such public agency, or (b) whose members are comprised exclusively of the employees of such public agency and one or more other public agencies the payrolls of which are prepared by the same finance officer, or (c) whose members are comprised exclusively of the employees of such public agency or agencies as provided in (a) or (b) above, together with former employees of such public agency or agencies if such former employees (1) were employees of such public agency or agencies at the time of joining such association, and (2) were members of such association at the time of ceasing to be such employees."

"1157.3. Employees, including retired employees, of a public agency in addition to any other purposes authorized in this article, on approval of the governing body of such public agency, may also authorize deductions to be made from their salaries, wages, or retirement allowances for the payment of dues in, or for any other service provided by any bona fide organization whose membership is comprised, in whole or in part, of employees of such agency and employees of such organization and which has as one of its objectives improvements in the terms or conditions of employment for the advancement of the welfare of such employees, such deductions to be made in accordance with the provisions made by the governing body of the public agency."

Plaintiffs first contend that these sections describe a different kind of organization from that defined in the Meyers-Milias-Brown Act. (See Gov. Code, § 3501.) Secondly, they contend these sections contemplate more than one organization's dues being deducted. (Cf. Gov. Code, § 1157.4.) Neither contention has merit. ■ These sections are *permissive* in nature. It is obvious that the language of these sections makes the right to deductions conditional on the approval of the public agency, and thus they are permissive rather than mandatory in their terms. Under these sections, plaintiffs have no *right* to have dues deducted.

Thirdly, plaintiffs argue that no necessity is shown for a restriction to a single organization. They contend the conclusion of the county that

multiple deductions will result in interorganizational problems is pure speculation. We think that just the contrary is true. (See, e.g., *Federation of Delaware Teach.* v. *De La Warr Bd. of Ed.* (D.Del. 1971) 335 F.Supp. 385, 389-390; *Local 858 of A. F. of T.* v. *School D. No. 1 In Co. of Denver* (D.Colo. 1970) 314 F.Supp. 1069, 1076.)

■ Under this same general contention, plaintiffs finally argue that since the county authorized payroll deductions of dues for some organizations, it *must* authorize them for others. They rely heavily upon *Renken* v. *Compton City School Dist.* (1962) 207 Cal.App.2d 106 [24 Cal.Rptr. 347].)

In *Renken* the defendant school district elected to provide dues deductions for employee organizations. However, it imposed a rule that an organization had to show membership of at least 50 percent of the eligible employees before a deduction would be allowed. In striking down this requirement, the court stated:

"A governing board of a school district has no authority to enact a rule or regulation which alters or enlarges the terms of a legislative enactment. [Citations.] The resolution not only adds a requirement not found in the pertinent code sections but is unreasonable and arbitrary in nature. While there was testimony that some employees belonged to both Local 99 and Chapter 76, the actual effect of the resolution is to limit the benefits of a system of deductions of dues to the organization which has the most members. The resolution is not founded upon a reasonable and substantial basis for classification with respect to action authorized by the provisions of sections 1157.1 and 1157.3 of the Government Code." (207 Cal. App.2d at p. 114.)

The court also stated: "Thereunder [Gov. Code, §§ 1157.1, 1157.3], legislative authorization appears to exist for deduction by the school district of dues for both Chapter 76 and Local 99. But such authority cannot be exercised in an arbitrary manner. If both organizations have substantially the same purposes and each serves substantially the same function on behalf of its members in relation to the school district, to deduct the dues of one and to decline to deduct the dues of the other is a use of the legislative authorization in an arbitrary and discriminatory manner. That kind of administration of granted authority is not permissible. [Citations.]" (207 Cal.App.2d at p. 118.)

However, the procedure in question here is not arbitrary and discrimina-

tory since it sets up a classification based on a *recognized employee organization.* (See Gov. Code, § 3505.) The Meyers-Milias-Brown Act, with its concept of "recognized" as distinguished from other "employee organizations," was not adopted until six years after *Renken.* Plaintiffs concede the distinction in stating "the important right that an unrecognized organization lacks is the right to 'meet and confer' in accordance with the provisions of Gov. C. § 3500 et seq." Thus, "recognition" is an important factor. This basis for classification did not exist when *Renken* was decided.

We conclude that *Renken* is distinguishable from the situation presented herein.

█ Plaintiffs contend finally that the employees are being deprived of their rights as individuals. Plaintiffs argue that the procedures set up by the county raise constitutional questions. These questions are unspecified. This contention has no merit.

The court in *Bauch* v. *City of New York* (1968) 21 N.Y.2d 599 [289 N.Y.S.2d 951, 237 N.E.2d 211, 215], considered the same claim and found it lacking in substance: "Nothing in the city's labor policy denies members of the petitioner's union the right to meet, to speak, to publish, to proselytize and to collect dues by the means employed by thousands of organizations of all kinds, that do not have the benefit of a dues check-off. Neither the First Amendment nor any other constitutional provision entitles them to the special aid of the city's collection and disbursing facilities." (See also, *Kraemer* v. *Helsby* (1970) 35 App.Div.2d 661 [316 N.Y. S.2d 88]; *Local 858 of A. F. of T.* v. *School D. No. 1 In Co. of Denver, supra,* 314 F.Supp. at pp. 1074-1078.)

The order denying the preliminary injunction and vacating the temporary restraining order is affirmed.

Richardson, P. J., and Janes, J., concurred.