OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

April 13, 2001

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
127 North Woodrow Lane
Denton, Texas 76205

Opinion No. JC-0369

Re: Whether a commissioners court is authorized to establish certain policies restricting employees associations for whose benefit payroll deductions for membership dues may be made and related question (RQ-0314-JC)

Dear Mr. Isaacks:

Pursuant to section 155.001(b) of the Local Government Code, a county commissioners court, on the request of a county employee, may authorize payroll deductions from the employee's wages or salary to pay membership dues in a labor union or a bona fide employees association. You ask whether a commissioners court is authorized to establish policies restricting employees associations, for whose benefit such payroll deductions may be made, to those associations having a specified minimum membership or of specified duration.[1] We conclude in the affirmative. You also ask this office to define a "bona fide employees association." Request Letter, *supra* note 1, at 1. We conclude that a "bona fide employees association," as used in section 155.001(b) of the Local Government Code, means an organization of employees, formed in good faith to promote a common purpose.

It is well-established that a county commissioners court can exercise only such powers as the constitution or the statutes specifically confer. *See* TEX. CONST. art. V, § 18; *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). However, it is equally well-established that "[w]here a right is conferred or obligation imposed on said court, it has implied authority to exercise a broad discretion to accomplish the purposes intended." *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941).

Neither section 155.001 of the Local Government Code or any other provision that we have found expressly authorizes a commissioners court to establish policies regarding employees associations eligible for the payroll deduction. Section 155.001(b)(1) authorizing the payroll deduction simply provides that:

---

[1]Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable John Cornyn, Attorney General of Texas (Nov. 16, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

In a county with a population of 20,000 or more,[2] the commissioners court, *on the request of a county employee, may* authorize a payroll deduction to be made from the employee's wages or salary for:

(1) payment of membership dues in a labor union or *a bona fide employees association*;

. . . .

TEX. LOC. GOV'T CODE ANN. § 155.001(b)(1) (Vernon Supp. 2001) (emphasis added); *see also* Tex. Att'y Gen. Op. No. M-334 (1969) (commissioners court may not authorize payroll deductions for union dues without express authority).

But, as you note, the commissioners court's authority to establish a payroll deduction program under section 155.001 is discretionary. Under the permissive language of section 155.001(b), a commissioners court may decline to establish a payroll deduction program. *See* TEX. LOC. GOV'T CODE ANN. § 155.001(b)(1) (Vernon Supp. 2001) (commissioners court "may" authorize deduction); TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 1998) (Code Construction Act) (unless context requires different construction, "'[m]ay' creates discretionary authority or grants permission or a power"). In fact, prior to its codification in the Local Government Code, the source law for section 155.001(b) specifically provided that "[p]articipation in the program authorized by this Act is voluntary on the part of any county employee and the county." *See* Act of May 28, 1969, 61st Leg., R.S., ch. 419, 1969 Tex. Gen. Laws 1380, *repealed by* Act of May 1, 1987, 70th Leg., R.S., ch. 149, 1987 Tex. Gen. Laws 707, 937, 1307 (formerly TEX. REV. CIV. STAT. ANN. art. 2372h-4 § (d)). This provision was omitted during the statute's codification as unnecessary given that it was clear from the remaining statutory language that participation was voluntary in that deductions can only be made "on the request" of the employee, and the commissioners court "may," but is not required to, authorize the deduction. *See* TEX. LOC. GOV'T CODE ANN. § 155.001 revisor's note (Vernon 1999). In short, a county commissioners court is authorized, but not required to establish a payroll deduction program.

We believe the commissioners court's discretion to establish or, more accurately, not to establish, a payroll deduction program encompasses the authority to establish such a program subject to standards reasonably necessary to implement the program in the county. *See Anderson*, 152 S.W.2d at 1085 (where right is conferred, commissioners court has implied authority to exercise broad discretion to accomplish intended purpose); *see also City of Charlotte v. Local 660, Int'l Ass'n of Firefighters*, 426 U.S. 283, 286 (1976) (because right to dues checkoff is not a right entitled to special treatment under Equal Protection Clause, city's refusal to withhold union dues must only meet reasonableness standard to pass constitutional scrutiny); *Toledo Area AFL-CIO Council v.*

---

[2]Senate Bill 134, which is pending before the legislature, would allow the commissioners court in any county to authorize the payroll deductions. *See* Tex. S.B. 134, 77th Leg., R.S. (2001).

*Pizza*, 154 F.3d 307, 322-23 (6th Cir. 1998) (because union and union officials have no constitutional right to dues checkoff, equal protection challenge to Ohio's wage checkoff ban must be evaluated under rational basis standard, *i.e.*, "whether it is rationally related to any conceivable legitimate state interest"). A county policy requiring that an employees association have a minimum membership or that it be in existence for a minimum period of time before it is eligible for payroll deduction, we believe, meets this test. It is facially neutral. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (when law apportions benefits or burdens on basis of classification among citizens, it will be subject to strict scrutiny if classification involves suspect class or affects fundamental rights). And, although you do not tell us, it is presumably designed to limit the deductions to recognized or established entities representing the interests of more than a few county employees or to avoid the administrative and financial burden of processing deductions for every organization requested by employees, or both.[3] *See also City of Charlotte*, 426 U.S. at 288 (city's refusal to provide dues checkoff for labor union while allowing such checkoff for insurance and savings programs and certain charitable organizations, a "reasonable method for providing the benefit of withholding to employees in their status as employees, while limiting the number of instances of withholding and the financial and administrative burdens attendant thereon").

While we conclude that the eligible employees association restrictions you ask about are facially permissible, we caution that such restrictions may not be applied as to unconstitutionally discriminate against particular organizations or employees or to infringe on the exercise of constitutionally protected rights. *See City of Cleburne*, 473 U.S. at 440-41. Furthermore, we cannot and do not express an opinion with respect to restrictions other than these you specifically ask about.

You next ask what constitutes a "bona fide employees association" and suggest that it is synonymous with "labor organization." *See* Request Letter, *supra* note 1, at 2. We disagree. We construe the phrase "bona fide employees association" as used in section 155.001(b) of the Local Government Code to mean an organization of employees, formed in good faith to promote a common purpose. We believe the meaning of this phrase to be broader than that of a "labor union" or "labor organization."

Neither section 155.001 nor any other statutory provision that we have found defines the terms "bona fide employees association." *See* TEX. LOC. GOV'T CODE ANN. § 155.001 (Vernon Supp. 2001); *see also id.* § 141.008 (Vernon 1999) (authorizing municipalities with population in excess of 10,000 to deduct from employee payroll membership dues for a "bona fide employees[] association"); *id.* § 174.051(c) (authorizing election to establish collective bargaining for fire

---

[3] *But see Renken v. Compton City Sch. Dist.*, 207 Cal. App. 2d 106, 114, 24 Cal. Rptr. 347, 351 (1962) (holding invalid regulation limiting payroll deduction only if at least 50% of employees eligible for membership in association applying for deduction so request because restriction not founded on "reasonable and substantial basis for classification with respect to" statutes authorizing payroll deductions for dues to bona fide employees association); *Sacramento County Employees Org. v. County of Sacramento*, 28 Cal. App. 3d 424, 433, 104 Cal. Rptr. 619, 625 (1972) (holding that statutory provision authorizing public agency to deal with "recognized" employee organization sufficient authority for county to restrict payroll deduction of dues to recognized employee organizations and noting that this statutory basis for classification did not exist when *Renken* was decided).

fighters, police officers, or both, if majority of affected employees "favor representation by an employees association"). Nor have we found a judicial construction of these terms. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, are to be construed accordingly; otherwise they are to be read in context and construed according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998) (Code Construction Act). The ordinary meaning of the term "association" is very broad: "A body of persons who have combined to execute a common purpose or advance a common cause; the whole organization which they form to effect their purpose; a society." I OXFORD ENGLISH DICTIONARY 718 (2d ed. 1989); *accord* BLACK'S LAW DICTIONARY 119 (7th ed. 1999) ("[a] gathering of people for a common purpose; the persons so joined."). "Bona fide," a Latin phrase, simply means "in good faith; without fraud or deceit" or "[s]incere; genuine." BLACK'S LAW DICTIONARY 168 (7th ed. 1999).

By definition and as used in section 155.001, we believe the phrase " bona fide employees association" may encompass, but is not synonymous with, the terms "labor union" or "labor organization." *See* TEX. LOC. GOV'T CODE ANN. § 151.001(b)(1) (Vernon Supp. 2001); *see also id.* §§ 141.008 (Vernon 1999) (authorizing payroll deductions for only "bona fide employees[] association"); 174.051(c) (authorizing election to establish collective bargaining for fire fighters, police officers, or both, if majority of affected employees "favor representation by an employees association"). The legislature has defined both "labor union" and "labor organization." A "labor union," is a "an incorporated or unincorporated association, group, union, . . . of working persons organized and existing to protect those persons and to improve their working conditions, wages, or employment relationships, but does not include an organization not commonly regarded as a labor union." TEX. LAB. CODE ANN. §§ 101.051, .101(3) (Vernon 1996). A "labor organization" is "any organization in which employees participate and that exists in whole or in part to deal with one or more employers concerning grievances, labor disputes, wages, hours of employment, or working conditions." TEX. GOV'T CODE ANN. § 617.001 (Vernon 1994).[4] In section 155.001(b) of the Local Government Code, the legislature authorizes payroll deductions for dues to "a labor union *or* a bona fide employees association." Under established principles of statutory construction, we must presume an "employees association" to mean something different than a "labor union" because otherwise the former phrase would be superfluous. *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex. 1981) ("The legislature is never presumed to have done a useless act. . . . [E]very word of a statute must be presumed to have been used for a purpose. . . . Likewise, we believe every word excluded from a statute must also be presumed to have been excluded for a purpose."). Similarly, we must presume "employees association" to mean something different than "labor organization" because if the legislature had intended that meaning, it would have used these

---

[4]Texas public employees in general have no right to bargain collectively. *See* TEX. GOV'T CODE ANN. § 617.002 (Vernon 1994) (official of state or political subdivision of state may not enter into collective bargaining contract with labor organization regarding wages, hours, or conditions of public employees' employment). Such prohibition, however, does not impair public employees' right "to present grievances concerning their wages, hours of employment, or conditions of work either individually or through a representative that does not claim the right to strike." *Id.* § 617.005.

terms. *See id.* Thus, while a particular employees association may qualify as a labor organization or a labor union, every employees association by definition is not a "labor union" or a "labor organization." *Cf. NLRB v. Thompson Ramo Wooldridge, Inc.*, 305 F.2d 807, 809-10, 811 n.8 (7th Cir. 1962) (concluding that because a function of an employees association was presentation of individual grievances to employer organization, NLRB was justified in finding that association was a "labor organization" as defined in the National Labor Relations Act).

## S U M M A R Y

A commissioners court is authorized to establish a policy restricting the employees associations for whose benefit payroll deductions for membership dues may be made under section 155.001(b) of the Texas Local Government Code to those employees associations having a specified minimum membership or of specified duration.  The phrase "bona fide employees association," as used in section 155.001(b), means an organization of employees, formed in good faith to promote a common purpose and is broader than a "labor union" or a "labor organization."

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee