Paul K. WOOD et al., Appellants,

v.

**BOARD OF EDUCATION OF DANVILLE,**
Kentucky et al., Appellees.

Court of Appeals of Kentucky.

March 17, 1967.

James F. Clay, James F. Clay, Jr., Danville, for appellants.

Nelson D. Rodes, Jr., Pierce Lively, Danville, for Board of Education of Danville.

L. T. Grant, Lexington, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Charles Renfro and others, members of and comprising the Board of Education of Danville.

Robert Matthews, Atty. Gen., Joyce Ferris Nedde, Asst. Atty. Gen., Frankfort, for Commonwealth, Dept. of Education, and Kentucky State Board of Education, amici curiae.

MONTGOMERY, Judge.

Paul K. Wood, suing individually and as the father and next friend of Kenneth Wood, an infant, and Joanne Wood, Kenneth's mother, sought to recover damages for personal injuries to Kenneth. A claim was filed with the Board of Claims against the Board of Education of Danville, Kentucky, and the Commonwealth of Kentucky. The order of the Board of Claims dismissing the claim was sustained by the Boyle Circuit Court. Wood also sued the Board of Education of Danville, Kentucky, the members of the board individually, Chester

Caddas, and Neal Clem. The actions were consolidated. Paul K. Wood et al., appeal from an order of dismissal of both actions as to all parties except Caddas and Clem. From the record no disposition of the action as to Caddas and Clem has been made. See CR 54.02(1).

In the original complaint it is alleged that Kenneth Wood, a student in the Danville Independent School District, suffered personal injuries while under the supervision of Chester Caddas, as "the agent, servant and employee of the Board of Education of Danville, Kentucky." It is variously alleged that the injuries were the result of the negligence or willful conduct of Caddas, as agent, or by the willful conduct of Clem, on his own behalf or as agent for Caddas. The facts are very sparingly stated in the pleadings.

■ The action was properly dismissed as to the Board of Education of Danville, Kentucky, on the ground that the board of education was entitled to the defense of sovereign immunity. Cullinan v. Jefferson County, Ky., this day decided.

■ By an amended complaint it is sought to hold liable individually the members of the board on the theory that they employed Caddas and that he was their agent. A board of education is a body politic. KRS 160.160. Caddas was employed by the board and was not an employee of the individuals comprising the board.

The rule has been stated thus:

"The doctrine of respondeat superior is not applicable so as to render members of a school board personally liable for injuries caused by the negligence of employees, such employees being the servants of the school district or of the board, rather than of the individual members of the board." See Annotation, 32 A.I..R.2d 1163.

In a similar case, Vendrell v. School District No. 26C, 226 Or. 263, 360 P.2d 282, the Oregon Supreme Court recently said:

"First it may be noted that the individual members of the school district board, the district superintendent, and the district principal do not stand in the relation of master and servant with persons subordinate to themselves; consequently the doctrine of respondeat superior cannot operate to impose vicarious liability upon these persons for the negligence of their subordinates."

See also Smith v. Consolidated School District No. 2, Mo., 408 S.W.2d 50, wherein the school superintendent and physical education instructor were held not liable for injuries alleged to have been sustained by a student while engaged in wrestling as a part of the physical education curriculum.

This is in accord with Whitt v. Reed, Ky., 239 S.W.2d 489, and Moores v. Fayette County, Ky., this day decided. It is pointed out therein that the members of a fiscal court or a board of education are liable individually if they had been negligent in the first instance in the employment of the subordinates. There is no such allegation in appellants' pleadings. The alternate charge of liability in the original complaint is one of willful conduct of Caddas, the subordinate, and of Clem. It is not alleged that Clem was an employee of the board, and certainly the individual board members would not be liable for willful conduct of a subordinate unless they knew of his propensity for such willful conduct when they employed him, thus rendering them negligent.

■ By their amended complaint appellants also seek to charge the members of the board individually on the theory that they were compelled by KRS 159.010 to place their child in attendance at the school and thus "in the care, control and custody" of the board members and "their agents, servants and employees." For the reasons

already noted herein, and also stated in Moores v. Fayette County, Ky., this is not a proper basis for a liability as to the board members individually.

The further allegation that there was a promise implied by the individual board members by reason of the statutory compulsory attendance of the child at school to "safely keep and protect said infant child and permit him to return to the home of the plaintiffs in good health, sound of body and mind, and without injury" would make the individual members of the board insurers of the welfare of all children required to attend school. It is too much to expect that anyone, board member or otherwise, should assume this responsibility, especially in view of the suggestion of injury because of the willful conduct on the part of someone else, as alleged in the original complaint. It is difficult enough to induce qualified and interested individuals to seek election and to assume the thankless task of school board member without making the board member assume the responsibility of an insurer of each child's safety and well-being while attending school. Gilbert v. Harlan County Board of Education, Ky., 309 S.W.2d 771. It is unnecessary to discuss liability for failure to perform ministerial and discretionary acts.

Appellants also argue that Sections 2, 14, and 26 of the Kentucky Constitution afford a remedy for every injury and that Section 231 of the Kentucky Constitution should not bar such an action. Section 231 is no late-comer to the Kentucky Constitution. As has been pointed out heretofore, it has been in each of the four Constitutions of this Commonwealth in the same language. Certainly the makers of those time-honored documents intended Section 231, which has been interpreted as the doctrine of sovereign immunity, to have some meaning.

■ It is a cardinal rule of construction that the different sections of the Constitution shall be construed as a whole so as to harmonize the various provisions and not to produce a conflict between them. Matthews v. Allen, Ky., 360 S.W.2d 135; Grantz v. Grauman, Ky., 302 S.W.2d 364; Shamburger v. Duncan, Ky., 253 S.W.2d 388; City of Somerset v. Caylor, Ky., 241 S.W.2d 990.

■ The doctrine of sovereign immunity had acceptance in our system of jurisprudence before the adoption of our first Constitution. It was then embodied therein and it must be recognized that whatever may have been intended by Sections 2, 14, and 26 of the Kentucky Constitution, under which appellants seek redress, it was not intended that those sections should in any way impinge on the right of the Commonwealth by its General Assembly under Section 231 to direct in what manner and in what courts suits may be brought against it. Thus, it is concluded that effect must be given to Section 231.

No argument is made by appellants as to their right to pursue their claim before the Board of Claims except as above mentioned. Despite the language in Louisville & Jefferson County Metropolitan Sewer District v. Kirk, Ky., 390 S.W.2d 182, there is no right to pursue this claim in the Board of Claims for the reasons stated in Gnau v. Louisville & Jefferson County Metropolitan Sewer District, Ky., 346 S.W.2d 754.

The trial court correctly dismissed the actions.

Judgment affirmed.

WILLIAMS, C. J., MILLIKEN, OSBORNE, and STEINFELD, JJ., concur.

HILL and PALMORE, JJ., dissent for the reasons stated in Cullinan v. Jefferson County, Ky.