OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., *v.*
RICHLEY, DIRECTOR OHIO DEPARTMENT OF HIGHWAYS.

(No. 72CV-09-2741—Decided October 4, 1972.)

Common Pleas Court of Franklin County.

*Mr. John A. Brown,* for plaintiff.
*Mr. William Brown,* attorney general, for defendant.

FLOWERS, J. The present action by Ohio Civil Service Employees Association, Inc., a non-profit Ohio corporation, seeks to enjoin the Director of the Ohio Department of Highways from rescinding the dues checkoff privileges for

all *supervisory* employees of that department. The matter comes on for determination as to whether a preliminary injunction shall issue pursuant to evidence adduced at regularly scheduled hearing. Counsel for both sides conceded that this is a case of first impression and cite no authority other than R. C. 9.41. That permissive statute provides in part as follows:

"Notwithstanding R. C. 1321.32, the state of Ohio and any of its political subdivisions or instrumentalities may checkoff on the wages of public employees for the payment of dues to a labor organization or other organization of public employees upon written authorization by the public employee. Such authorization may be revocable by written notice upon the will of the employee. * * *"

It is clear under said statute that discretion lies with the state agency, in the first instance, whether the checkoff privileges will be granted to any employees. The statute further contemplates written authorization or request by the public employee when the privilege is extended.

Plaintiff contends that the privilege must be uniformly extended to all employees within an agency, without exclusion of certain categories, to-wit: certain enumerated supervisory employees. Defendant maintains that such employees are excluded from the bargaining unit under the basic agreement (State's Exhibit 1) and are properly excludable under this privilege.

Certain equality of right is required of legislation, both in enactment and implementation. 11 Ohio Jurisprudence 2d. pp. 8-9, Constitutional Law, Section 670, reads as follows:

"The Ohio Constitution is said to ordain absolute equality of right and opportunity and to require all laws, to be valid, to operate equally upon all persons of the same class. The guaranty of equal protection of the laws means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances. There can be no discrimination in favor of the rich or poor. All stand upon an equality under the provi-

sions of the Constitution, and it is this equality that is the pride and safeguard of all. The equality of men in legal right is a most sacred principle which must never be lost out of our social and political structure.

"It has been held that when the Legislature confers a right voluntarily and gratuitously a person who has not been given such right cannot complain that there has been discrimination or a denial of equal protection of the laws. However, this broad proposition appears unsupportable.

"In order to determine whether a law is for the equal protection and benefit of the people it is necessary to ascertain whether it operates equally upon all persons charged with the same obligation. * * *"

Classifications are not objectionable *per se* but must bear some relation to the object of the legislation. The same article, at 14, Section 672, reads as follows:

"The classification must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced are treated alike. Statutes must operate equally upon all persons of the same class. No discrimination or favoritism among members of the same class is permitted.

"A classification based on proper and justifiable distinctions considering the purpose of the law, or on distinctions that the court cannot pronounce unreasonable and purely arbitrary, is valid."

The instant statute is directed toward membership dues and bears no relation to grievance procedures. The supervisory class of employees may be properly excluded from the bargaining unit in grievance procedures as provided in State's Exhibit 1. However, that same agreement contemplates membership open to all employees (Article III) and the defendant does not question that right. (Appellant's Exhibit A.)

Accordingly, under the provisions of R. C. 9.41, where the Department of Highways extends the dues payment privileges to some of its employees, the same privileges must be extended to all. A preliminary injunction will issue upon submission of appropriate entry.