**Polly JOHNSON, as mother of and next friend of Dave Johnson, Plaintiff,**

**v.**

**Bill MILLER, Individually, Bill Miller, Employee and agent of the City of Jackson, City of Jackson Travelers Insurance Agency, Defendant.**

**Civ. A. No. 759.**

United States District Court, E. D. Kentucky, Jackson Division.

Dec. 3, 1973.

Kendall Robinson, Booneville, Ky., for plaintiff.

Michael A. Stidham, Jackson, Ky., Richard C. Ward, Hazard, Ky., for defendant.

## MEMORANDUM OPINION
## AND ORDER

HERMANSDORFER, District Judge.

This cause is before the Court to consider a probable lack of jurisdiction over the subject matter of the action. Rule 12(h)(3), F.R.Civ.P.

On January 4, 1971 Dave H. Johnson filed this action seeking to recover actual and punitive damages for injuries allegedly suffered as a result of his illegal arrest and imprisonment by Bill Miller, the police chief of Jackson, Kentucky. In the original complaint the plaintiff named the police chief, individually and as an agent of the city; the city, and an insurance agency which was surety for the police chief. In subsequent amendments to the complaint, the mother of Dave H. Johnson was substituted as the plaintiff as the next friend of her minor son. In addition, the second amended complaint replaced the insurance agency with the present defendant insurance company.

The federal causes of action against the defendants were based on allegations of conspiracy and intent to deprive the plaintiff of his rights, privileges and immunities guaranteed him under the provisions of the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America. These federal causes of action were alleged to arise under, *inter alia*, 42 U.S.C. §§ 1983 and 1985 and, although not specifically stated, jurisdiction was asserted to exist under 28 U.S.C. § 1343.

On August 22, 1973, the defendants, the City of Jackson and Bill Miller, as an agent thereof, moved to dismiss this action based on a theory of governmental immunity from tort actions. This Court heard argument of counsel on the aforementioned motion to dismiss on October 24, 1973. The City of Jackson's motion to dismiss was sustained, not for the grounds stated therein but, rather, upon the authority of City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). In that opinion, the Supreme Court found that Congress had not intended to bring a municipality within the ambit of 42 U.S.C. 1983 and that jurisdiction was lacking under 28 U.S.C. 1343 as a result. 412 U.S. at 513, 93 S.Ct. 2222. See also: Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

At that time the Court noted a probable lack of jurisdiction over the subject matter of the complaint pertaining to one defendant and directed the plaintiff to show cause why the action should not be dismissed as to the defendant Bill Miller, an employee and agent of the City of Jackson.

In response to that directive, the plaintiff has filed a memorandum brief in which he asserts that this Court may properly entertain the action as to the defendant police chief, Bill Miller, as an employee and agent of the city under the doctrine of pendent jurisdiction.

■ The Supreme Court in Moor v. County of Alameda, 411 U.S. 693, 93 S. Ct. 1785, 36 L.Ed.2d 596 (1973) recently rejected an argument quite similar to that propounded by the plaintiff for two reasons, the one of which the plaintiff concedes is not in issue here as it is clear that Congress did not intend for municipalities to be subject to suit under 42 U.S.C. 1983 regardless of whether or not they are granted immunity under state law. 411 U.S. at 710, 93 S.Ct. 1785.

■■ The question of pendent jurisdiction requires that two separate issues be considered. The Court must first have the "power" to entertain the action. That "power" exists when there is a relationship between the federal claim, such as the one asserted here against Bill Miller, individually, and the state claim against him as an employee and agent of the city, permitting a conclusion that there is but one constitutional case involved, arising from the same common nucleus of operative fact. Moor v. City of Alameda, *Id.* at 711, 93 S.Ct. 1785; United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); F. C. Stiles Con-

tracting Company v. Home Insurance Company, 431 F.2d 917, 919–920 (6th Cir. 1970); and Beautytuft, Inc. v. Factory Ins. Ass'n, 431 F.2d 1122, 1128 (6th Cir. 1970). Assuming, *arguendo*, the pleadings set forth a "common nucleus of operative fact" permitting the Court to conclude that it has the necessary "power" to entertain the plaintiff's pendent state claim as well as his federal claim, the Court must determine whether or not a consideration of the factors of judicial economy, convenience and fairness to the litigants would demand that pendent jurisdiction over the state claims be invoked. Moor v. County of Alameda, *supra*, 411 U.S. at 712, 93 S.Ct. 1785; and United Mine Workers v. Gibbs, *supra*, 383 U.S. at 726, 86 S.Ct. 1130.

■ The theory of recovery upon which the state claim is predicated, *respondeat superior* or vicarious liability, is one that is somewhat unsettled in Kentucky. See: City of Lexington v. Yank, Ky., 431 S.W.2d 892 (1968); City of Louisville v. Louisville Seed Company, Ky., 433 S.W.2d 638 (1968); and Haney v. City of Lexington, Ky., 386 S.W.2d 738 (1964), but *contra*: Cullinan v. Jefferson County, Ky., 418 S.W.2d 407 (1967); Moores v. Fayette County, Ky., 418 S.W.2d 412 (1967); and Wood v. Board of Education of Danville, Ky., 412 S.W.2d 877 (1967). Weighing the subtle distinctions encompassed in the above decisions is a task more properly addressed to the expertise of the judiciary of the Commonwealth.

In addition, the state claim could pose an undue burden upon the jury, which the plaintiff has demanded, as divergent theories of and defenses to recovery would be presented.

Therefore this Court declines to invoke the doctrine of pendent jurisdiction as such an action would be unjustified. See: Patrum v. Martin, 292 F.Supp. 370, 372 (W.D.Ky.1968), aff'd sub nom. Patrum v. City of Greensburg, Kentucky, 419 F.2d 1300 (6th Cir. 1969), cert. denied 397 U.S. 990, 90 S.Ct. 1125, 25 L.Ed.2d 398 (1970).

This matter, upon the Court's own motion, shall be and the same hereby is, dismissed as to the defendant, Bill Miller, an employee and agent of the City of Jackson, Kentucky. Rule 12(h)(3), F.R.Civ.P.

The cross claims of the defendant, Traveler's Insurance Company, asserted against the City of Jackson and Bill Miller, as an agent of the City of Jackson, shall be, and the same hereby are, dismissed inasmuch as those defendants are no longer before the Court.