Queenie Angeline CLEVINGER, As a Representative of a Class Consisting of the Members and Prospective Members of Teamsters Local Union 783, Who Are Also Employees and Former Employees of the Board of Education of Pike County, Ky.; Jerry T. Vincent, as a Representative of a Class Consisting of Teamsters Local No. 783 and Its Members, Appellants,

v.

BOARD OF EDUCATION OF PIKE COUNTY, KY., Appellee.

BOARD OF EDUCATION OF PIKE COUNTY, KY., Appellant,

v.

Queenie Angeline CLEVINGER, As a Representative of a Class Consisting of the Members and Prospective Members of Teamsters Local Union 783, Who Are Also Employees and Former Employees of the Board of Education of Pike County, Ky.; Jerry T. Vincent, As a Representative of a Class Consisting of Teamsters Local No. 783 and Its Members, Appellees.

Nos. 89–SC–412–DG, 89–SC–436–DG.

Supreme Court of Kentucky.

April 26, 1990.

Dennis Franklin Janes, John Frith Stewart, Louisville, for Clevinger, et al.

F.C. Bryan, John C. Fogle III, Mt. Sterling, for Bd. of Educ.

## OPINION OF THE COURT

This is a class action on behalf of members of Teamsters Local No. 783 employed by the Board of Education of Pike County, Ky., who requested the Board to make payroll deductions of their union dues pursuant to statutory authorization in KRS

161.158(2). The School Board refused to honor their requests.

Initially Jerry T. Vincent and Teamsters Local Union No. 783 filed suit as representatives of a class consisting of the union and the employees. This suit was dismissed in an Order which also permitted the filing of an Amended Complaint in which one of the School Board employees, Queenie Angeline Clevinger, was certified as representative of a class consisting of members and prospective members of the union who are employees or former employees of the School Board.

The principal issues involve: (1) whether under KRS 161.158(2), properly construed, the School Board is required to honor the request of School Board employees for payroll deductions; and (2) if so, whether the School Board's failure to do so gives rise to a cause of action for money damages on behalf of either the union or the union employees, or both, under the Federal Civil Rights Act, 42 U.S.C. § 1983, or under § 2 of our Kentucky Constitution and KRS 446.070 which provides a cause of action for injury by statutory violation.

The trial court's final judgment upheld the right of the union employees to compel payroll deduction of union membership dues, ordering the School Board to make such deductions and remit to the union, but denied and dismissed the various claims for money damages. On appeal and cross-appeal to the Court of Appeals, the Court of Appeals affirmed so much of the final judgment as provided prospective injunctive relief by ordering the payroll deductions, but reversed the trial court's Summary Judgment on the claims for money damages, holding that the Amended Complaint stated a valid claim for relief under the Federal Civil Rights Act, 42 U.S.C. § 1983.

Both the Board of Education and the union have filed motions for discretionary review in our Court, which we have granted. We affirm so much of the Court of Appeals' Opinion and decision as affirmed the trial court, and reverse so much of the

Court of Appeals' decision as reversed the trial court. Accordingly, we adopt and incorporate herein the Opinion of the Court of Appeals authored by Judge McDonald, Judge West and Special Judge White concurring, from its beginning to the point where it discusses the claim for money damages. The Opinion is as follows:

"The facts giving rise to this action are fairly undisputed and not complex. Nearly 300 noncertified employees[1] of the appellee/cross-appellant, Board of Education of Pike County, Kentucky, became members of the Teamsters Union. Pursuant to Kentucky Revised Statutes (KRS) 161.158(2), each employee sent written authorization to the board requesting that the board deduct from his or her wages the monthly dues of $11 and transmit said dues to the local union organization. Although the board had for some years honored such requests from its professional employees and transmitted dues to such employee associations as the Kentucky Education Association, Kentucky Education Support Personnel Association, and American Association of School Administrators, the board declined to so accommodate its employees affiliated with the Teamsters.

"This action was commenced in the Pike Circuit Court by the appellant, Jerry T. Vincent, the secretary-treasurer of Local No. 783 of the Teamsters Union, against the Pike County Board of Education. The complaint was filed by Vincent as a 'representative of a class consisting of Teamsters Local Union No. 783 and its members.' The complaint alleged that the board, in violation of KRS 161.158(2), refused to deduct membership dues for approximately 300 board employees affiliated with Local 783. The complaint sought a declaration of the rights of the members of the class to have their dues checked off. It also stated a cause of action under 42 U.S.C. § 1983, and requested attorney's fees under 42 U.S.C. § 1988. The appellant alleged that the board's actions violated the rights of the class members provided both by the

1. "Primarily the group consisted of custodians, maintenance workers, cooks, and school bus drivers."

First (freedom of association) and Fourteenth (equal protection) Amendments of the United States Constitution and Sections 1, 2 and 8 of the Kentucky Constitution.

"The Board moved the trial court to dismiss the complaint on the basis that (1) Jerry Vincent, not being an employee of the board, had no standing to maintain the suit, (2) the board was entitled to the protections afforded by the doctrine of sovereign immunity, and (3) the complaint failed to state a cause of action. The trial court overruled the motion to dismiss but ruled that neither Jerry Vincent nor Local No. 783 were proper parties to the action. An amended complaint was filed to comport to the court's order, naming the appellant, Queenie Angeline Clevinger, as a representative of the class limited to Local No. 783 members who were also employed by the board. After the board answered the complaint, both sides moved for summary judgment.

"In its final order the trial court entered a judgment in favor of the class to the extent that it ordered the board to immediately begin payroll deductions of membership dues and to transmit those dues to the Teamsters Local Union No. 783. The court concluded that KRS 161.158(2) required that 'all employees and employee groups ... be given fair and equal treatment by the Defendant Board.' However, the trial court dismissed, without elucidation, the claims of the plaintiffs of constitutional deprivation. The appellants, Jerry Vincent and Queenie Clevinger, have appealed from both the interlocutory order regarding standing and class membership, and the final order dismissing their constitutional claims and requests for attorney's fees. The Pike County Board of Education has cross-appealed from that portion of the final order requiring it to afford its Teamster-affiliated employees with a dues checkoff.

Numerous legal issues are involved in this appeal and cross-appeal. We will begin with those issues raised by the board in its cross-appeal. The board's argument that the trial court erred in requiring it to deduct union dues from its employees' wages is twofold: First it contends that it is actually prohibited from making such deductions by KRS 337.060, and secondly, that the term 'membership dues' used in KRS 161.158(2) does not include union dues. An examination of these two statutory provisions readily belies the board's assertions.

■ "KRS 161.158(2),[2] the statute the trial court determined the board was violating and with which it ordered the board to comply, provides in pertinent part as follows:

'Each district board of education *shall adopt policies* or regulations *which will provide for deductions* from salaries of its employes or groups of employes *whenever* a request is presented to the board by said employes or groups thereof. Such deductions shall be made from salaries earned in at least eight (8) different pay periods, and *shall be remitted* to the appropriate organization or association as specified by the employes. The deductions may be made for, but are not limited to, *membership dues*, tax sheltered annuities and group insurance premiums....' [Emphasis added.]

"Quite specifically, this statute *requires* that a school board extend the privilege of participation in payroll deductions to *all* of its employees for a variety of legal purposes. See e.g., *Kentucky Educators Public Affairs Council v. Kentucky Registry of Election Finance*, 677 F.2d 1125, 1127 (6th Cir.1982). The board's reliance on KRS 337.060 as prohibiting the deductions required by the above cited statute is entirely misplaced. KRS 337.060(1)[3] provides in part:

'No employer shall withhold from any employe any part of the wage agreed upon. *This section shall not make it unlawful for an employer to withhold or divert any portion of an employe's wage when the employer is authorized*

---

2. "Chapter 161 of the Kentucky Revised Statutes is entitled 'School Employees—Teachers' Retirement and Tenure.'"

3. "Chapter 337 is entitled 'Wages and Hours.'"

*to do so by local, state or federal law* or when a deduction is expressly authorized in writing by the employe to cover insurance premiums, hospital and medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute, nor shall it preclude deductions for union dues where such deductions are authorized by joint wage agreements or collective bargaining contracts negotiated between employers and employes or their representative.' [Emphasis added.]

"The emphasized language in KRS 337.060(1) clearly provides an exception to the general prohibition against withholding wages, that being when the employer is 'authorized' to do so by law. KRS 161.158(2) specifically authorizes a school board to withhold wages *whenever* an employee or group of employees so requests. Even if there were a conflict between the two statutes, and we find none, under elementary principles of statutory construction the specific provisions of KRS 161.158(2) which pertain to school boards and their employees would prevail over the provisions of KRS 337.060(1) which relate to all employers in general. *Land v. Newsome*, Ky., 614 S.W.2d 948, 949 (1981).

■ "Likewise as specious is the board's position that the legislature's use of the phrase 'membership dues' in KRS 161.158(2) does not encompass union dues.[4] Another cardinal rule of statutory construction is that the words in a statute must be 'given their ordinary meaning unless a contrary intention appears.' *Burbank v. Sinclair Prairie Oil Co.*, 304 Ky. 833, 202 S.W.2d 420, 423 (1946). *See also Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984), which holds that courts must 'accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion.'

*Id.* at 834. The common, ordinary meaning of 'membership' is the total number of members of an organization. *See Webster's New World Dictionary of the American Language*, 2d Ed. (1978). Unions are made up of members. There is nothing in the statute that hints that union members were not to be included along with other membership organizations. Thus, 'membership dues' perforce includes union dues.

■ "The prospective relief afforded the class by the trial court is thus affirmed. Also affirmed is the trial court's dismissal of damages sought under KRS 446.070[5] and for alleged violations of state constitutional rights. The doctrine of sovereign immunity protects the board from liability for such claims. *Smiley v. Hart County Board of Education*, Ky., 518 S.W.2d 785 (1975).

■ "In their direct appeal, Vincent and Clevinger argue that the trial court erred in failing to certify the class as it was originally composed. We agree. It is well settled, we believe, that labor organizations rightfully may 'engage in advocacy on behalf of their members.' *Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 464, 99 S.Ct. 1826 [1827], 60 L.Ed.2d 360, 362 (1979). Protecting its members' work-related rights is ostensibly a major function of a labor union. In Kentucky a union may only avail itself of litigation in our courts by way of the class action. Although Vincent is not a school employee, we believe he could have properly maintained this suit for the Teamsters affected by the board's refusal to comply with KRS 161.158(2).

■ "However, we fail to discern any real injury to Vincent, the union or its members by the substitution of Clevinger as a representative of the class. Vincent argues that the union itself was damaged by the board's actions and is deserving of

---

4. "We note that the school board itself has not construed the term 'membership' to exclude union dues. Admittedly it has for years deducted union dues for other employee groups and seemingly had no problem with this task until the Teamsters came on the scene."

5. "KRS 446.070 provides: 'A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty of forfeiture is imposed for such violation.'"

damages equaling the dues not withheld by the board for a period of eleven months, a sum totaling $35,453. With this we cannot agree. We interpret KRS 161.158(2) as conferring certain rights and privileges upon employees of school boards. The statute in no way attempts to protect or accommodate labor organizations. Vincent cites several cases from other jurisdictions which we have examined.[6] While these authorities hold that a union may suffer injury by an employer's policy to selectively allow payroll deductions, none of the cases allow the type of damages sought by the union in the instant case. The relief granted in these cases generally was injunctive or prospective in nature, precisely that [which] Clevinger obtained from the trial court. In fact, in *Renken v. Compton City School District, supra,* n. 6, the Court mentioned that 'deductions cannot be made from wages or salaries heretofore paid.' *Id.* [24 Cal.Rptr.], p. 353. None of the cases even hint that the offending employer is liable for back dues. The appellants have not cited us to any authority, and we have found none, that holds that an employer's wrongful failure to provide a dues check-off relieves the *employee* of the obligation to pay his or her own union dues.

"Although the union could properly represent its members, we fail to discern how it sustained a cognizable injury by the board. All the relief to which the class is entitled can, we believe, be obtained by the party currently representing the class."

We start at the point where the Court of Appeals held "the trial erred in dismissing [appellants'] claims of constitutional deprivation ... [believing] Clevinger's complaint stated a valid claim for relief under 42 U.S.C. § 1983." There are threshold considerations which compel us to reverse the Court of Appeals and affirm the trial court on this point. These are:

1) The School Board is a state agency shielded by state sovereign immunity; and

2) The state sovereign immunity doctrine protects against a claim for relief under 42 U.S. § 1983, the Civil Rights Act.[7]

■ At least since 1941 this Court has recognized that a County Board of Education is an arm of state government, and as such enjoys state sovereign immunity against liability and tort. *See Wallace v. Laurel County Board of Education,* 287 Ky. 454, 153 S.W.2d 915 (1941), holding the statute creating county boards of education and granting them power to "sue and be sued" does not make them liable for torts committed by officers or agents in the performance of public duties. Later cases endorsing the same principle include *Cullinan v. Jefferson County,* Ky., 418 S.W.2d 407 (1967); *Wood v. Board of Education of Danville,* Ky., 412 S.W.2d 877 (1967); *Carr v. Wright,* Ky., 423 S.W.2d 521 (1968); *Copley v. Board of Education of Hopkins County,* Ky., 466 S.W.2d 952 (1971); and the case referred to in quoting from the Court of Appeals' Opinion, *supra, Smiley v. Hart County Board of Education,* Ky., 518 S.W.2d 785 (1975).

The *Cullinan* case, addresses the state sovereign immunity principle in detail. It was a claim for money damages for personal injury caused by a defective condition near the tennis courts on school premises against the Jefferson County Board of Education. The County was an additional defendant because the Jefferson County Playground Recreation Supervisor was present at the time. The renowned Dissent by Judge Palmore in *Cullinan* does not question immunity for the School Board as an agency of state government, but protests against extending sovereign immunity to county government. There has never

---

6. "*Renken v. Compton City School District* [207 Cal.App.2d 106], 24 Cal.Rptr. 347 (Cal.Dist.Ct. App., 1962); *Ohio Civil Service Employees Assoc. Inc. v. Richley,* 33 Ohio Misc. 1, 291 N.E.2d 794 (C.P.1972); *Milwaukee Federation of Teachers Local 252 v. Wisconsin Employment Relations Commission* [83 Wis.2d 588], 266 N.W.2d 314 (Wis.1978); and *Board of School Directors of City of Milwaukee v. Wisconsin Employment Re-*

*lations Commission* [42 Wis.2d 637], 168 N.W.2d 92 (Wis.1969)."

7. A subquestion in this case is the right to recover attorneys' fees as the "prevailing party" in a § 1983 action, under 42 U.S.C. § 1988. The right to recover under § 1988 presupposes a right to recover under § 1983.

been any question about the status of a local school board as an agency of state government, but, if there were, such is now beyond the realm of argument because of our decision in *Rose v. The Council for Better Education, Inc.,* Ky., 790 S.W.2d 186 (Rendered, as Modified, September 28, 1989). *Rose* recognizes public schools are a responsibility of the state, and local school boards exist simply as agencies of state government. Although the traditional statutory scheme for funding and administering the state's common schools utilizes local school boards, school funds are the funds of the Commonwealth.

"[T]he fact that the state has appointed agencies such as fiscal courts, school trustees, and municipal bodies to aid in the collection of taxes for the maintenance of these schools does not deprive them of their state character." *City of Louisville v. Bd. of Ed. of City of Lou.,* 154 Ky. 316, 157 S.W. 379, 380 (1913).

Thus local school districts fall within the express language of the section of our Kentucky Constitution, § 231, which provides immunity to suits "brought against the Commonwealth." Even if sovereign immunity were interpreted as limited to units of government where recovery "would or could constitute a claim upon the state treasury," as proposed in the dissenting opinions in *Cullinan, supra,* and *Louisville Metro. Sewer Dist. v. Simpson,* Ky., 730 S.W.2d 939 (1987), *cert. denied* 484 U.S. 964, 108 S.Ct. 453, 98 L.Ed.2d 393 (1987), local school districts would retain immunity.

■ In *Wood v. Board of Education of Danville, supra,* as in the present case, the argument was made that "Sections 2, 14 and 26 of the Kentucky Constitution afford a remedy for every injury and that Section 231 of the Kentucky Constitution should not bar such an action." We responded:

"[T]he different sections of the Constitution shall be construed as a whole so as to harmonize the various provisions and not to produce a conflict between them.... whatever may have been intended by Sections 2, 14, and 26 of the Kentucky Constitution, under which ap-

pellant seeks redress, it was not intended that those sections should in any way impinge on the right of the Commonwealth by its General Assembly under Section 231 to direct in what manner and in what courts suits may be brought against it." 412 S.W.2d at 879.

Thus, the argument made by these school board employees based on Section 2 of the Kentucky Constitution and KRS 446.070, has been rejected by our Court in a decision of longstanding.

■ The question is whether the state sovereign immunity doctrine which protects the School Board is preempted by 42 U.S.C. § 1983 under the Supremacy Clause of the Federal Constitution. Our recent decision in *Board of Trustees of the University of Ky. v. Hayse,* Ky., 782 S.W.2d 609 (1990), citing the United States Supreme Court decision in *Will v. Michigan Dept. of State Police,* 491 U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), is dispositive. The *Hayse* case was a suit under 42 U.S.C. § 1983 for money damages, filed on behalf of a discharged university professor against both his supervisor and the University of Kentucky Board of Trustees. The suit alleged "violation of First Amendment rights to freedom of association and Fifth Amendment guarantees of due process." Speaking to the claim against the Board of Trustees, we stated:

"[T]he United States Supreme Court's decision in *Will v. Michigan Dept. of State Police* [citation *supra*], has resolved an ongoing controversy as to whether a state or state agency enjoying sovereign immunity under state law can be held liable in a state court action brought under 42 U.S.C. § 1983 ... holding that neither a state nor state officials, where the claim 'is not a suit against the official but rather is a suit against the official's office' (109 S.Ct. at 2311), are 'persons' within the meaning of § 1983, and therefore this civil rights statute does not override the state sovereign immunity of such state agencies and officials, where there is immunity under state law." 782 S.W.2d at 615.

The Court of Appeals did not have the benefit of the United States Supreme Court's decision in *Will* and our decision in *Hayse*[8] at the time when it decided the case before us. Thus, the Court of Appeals took the direction suggested in *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980), *reh. den.* 445 U.S. 920, 100 S.Ct. 1285, 63 L.Ed.2d 606 (1980), to the effect that "defenses" to § 1983 suits "are determined by federal law." *Martinez, supra.* *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), deal with "local governing units" (*Monell, supra*) not protected under the umbrella of state sovereignty. These local units fall within the class of "persons" that can be sued under § 1983 for money damages. But these cases do not apply to a unit of government protected by state sovereign immunity. *See Will, supra.*

Thus, because in this Commonwealth a School Board is protected by state sovereign immunity from a suit for money damages for an injury wrongfully inflicted, whether the cause of action is common law or statutory, and because the United States Supreme Court has decided that where such is the case the state sovereign immunity defense will prevail against a 42 U.S.C. § 1983 claim, we reverse the decision of the Court of Appeals and affirm the decision of the trial court dismissing the claim for money damages in this case. In all other respects, the decision is affirmed.

STEPHENS, C.J., and COMBS, GANT, LAMBERT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents.

---

**8.** In the *Hayse* case, state sovereign immunity protection was recognized but not applicable because of the *res judicata* effect of a former appeal. That is not the case in present circumstances.