Earl **CREAGER**, Plaintiff.

v.

**BOARD OF EDUCATION OF WHITLEY COUNTY, KENTUCKY,** Lonnie **Anderson, Individually and in His Official Capacity as Superintendent of the Whitley County Board of Education, Lester Shelly, in His Official Capacity as Assistant Superintendent and Member of the Whitley County Board of Education, Vernon Reynolds, in His Official Capacity as Vice Chairman and Member of the Whitley County Board of Education, J.E. Jones, in His Official Capacity as Member of the Whitley County Board of Education, Richard Gibbs, Danny Moses and Delmar Mayhan, in Official Capacity as Members of the Whitley County Board of Education, Defendants.**

No. 95–cv–203.

United States District Court,
E.D. Kentucky,
London Division.

Feb. 9, 1996.

Larry H. York, ARDF of Kentucky, Inc., Barbourville, KY, for plaintiff.

John G. Prather, Jr., Somerset, KY and Timothy Crawford, Corbin, KY, for defendants.

### ORDER

COFFMAN, District Judge.

This matter is before the Court upon defendant's motion to dismiss the action (Record No. 12). For the reasons discussed below, the Court will grant the motion in part and deny it in part.

This case involves Earl Creager ("Creager"), a former bus driver within the Whitley County School District who herein complains that his suspension and ultimate dismissal from his employment violated his rights to free speech and association, to due process of law and to equal protection of the laws. In addition, he alleges that the defendant, Lonnie Anderson ("Anderson"), Superintendent of the Whitley County Schools, willfully interfered with his contractual relationship with the Whitley County Board of Education ("Board"). He seeks the remedies of reinstatement, lost back wages and interest thereon, reinstatement of his retirement account, compensatory and punitive damages, costs and attorney fees.

Briefly stated, the relevant facts include these events: The plaintiff, actively attempting to organize the bus drivers into a union, appeared and espoused his pro-union views at a Board meeting in January 1994, at which the defendant Anderson was also present. On April 26, 1994, by letter, Anderson advised Creager that he was suspended with pay pending the investigation of several matters, which were enumerated in the letter. On May 19, 1994, Creager filed a grievance protesting the suspension. By letter dated June 29, 1994, Anderson advised Creager that his suspension was affirmed, and that he would not be working in his former position during the 1994–95 school year.

The defendants have moved to dismiss the action on several grounds: that the complaint fails to state a cause of action; that the complaint should be dismissed for failure to observe the one-year statute of limitations; that the defendants are protected from liability under the doctrines of eleventh amendment, sovereign and qualified immunity; and that the Board members, named in their official capacities only, are improperly joined as defendants. The Court will discuss each of these claims briefly below.

■ The motion to dismiss for failure to state a cause of action apparently focuses upon plaintiff's due process claim based upon a property right, in that defendants point to the plaintiff's lack of legitimate expectation of continued employment within the Whitley County Schools, as evidenced by both his contract of employment and by Ky.Rev.Stat. 161.720 *et seq.* Defendants are correct, and the plaintiff will not be permitted to pursue a due process claim based upon the assertion of a property right. Plaintiff's complaint also alleges a liberty interest entitling him to due

process of law, and the defendants do not address that issue in their motion to dismiss. If he so elects, therefore, the plaintiff may proceed upon this liberty-based due process claim.

■ Defendants' statute of limitations argument rests upon *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which requires that this action is governed by Kentucky's one-year statute of limitations. Within this factual setting, a plaintiff's cause of action accrues upon his or her receiving notice of cessation of employment, and not upon the actual date on which employment ceases, if the effective date of such cessation is not immediate. *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Here, Creager was advised on April 26, 1994, that he was suspended immediately pending an investigation; cessation of employment, either through nonrenewal, termination or some other manner, was not mentioned. Not until the letter of June 29, 1994, was he advised that he would no longer be employed in the Whitley County Schools. Thus the June 29 date marks the accrual of Creager's cause of action. He filed this action on June 28, 1995, within the appropriate limitation period. Thus the defendants' motion to dismiss on this ground will be denied.

■ Defendants' reliance upon the grounds of eleventh amendment and sovereign immunity relates to the award of damages against the defendants as officials. However, plaintiff here seeks relief beyond an award of damages. Claims for reinstatement and lost wages are, of course, equitable claims upon which the defendants' arguments have no bearing. In order to ensure that the parties who may afford relief are present, in the event that plaintiff proves himself so entitled, the official defendants may not be dismissed altogether.

■ It should also be noted that these two immunity claims do not affect Anderson's potential individual liability. Relevant to the claims against Anderson individually, defendants assert qualified immunity. However, it has long been clearly established that one may not, acting under color of state law, separate another from employment upon the basis of one's exercise of the freedoms of speech and/or association. *See, e.g., Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). In particular, speech and association on matters of union representation and organization are protected by the first amendment, and were so protected at the time of the actions of which Creager complains. *Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 99 S.Ct. 1826, 60 L.Ed.2d 360 (1979). Thus the defendants' motion to dismiss on the ground of qualified immunity will be denied.

■ The sole remaining issue as to defendants' immunity claims is whether Creager can recover damages against the corporate defendants, if he proves himself so entitled. The Board argues that Creager's claims are barred by the eleventh amendment. The eleventh amendment provides in pertinent part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State.

The eleventh amendment bars suit for damages against a state in federal court unless the state waives its immunity. *See e.g., Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360–61, 39 L.Ed.2d 662 (1974). Eleventh amendment immunity extends to state agencies that act as arms of the state, but does not extend to cities, counties, or other political subdivisions of the state. *See Mt. Healthy, supra.* Thus the issue is whether the Board is an arm of the state.

In *Tolliver v. Harlan County Board of Education*, 887 F.Supp. 144 (E.D.Ky.1995) and *Blackburn v. Floyd County Board of Education*, 749 F.Supp. 159 (E.D.Ky.1990), Judge Bertelsman and Judge Hood respectively concluded that Kentucky local boards of education are not arms of the state and thus are not entitled to Eleventh Amendment immunity. This Court agrees. In *Blackburn*, Judge Hood adopted a Magistrate Judge's report and recommendation which concluded that, although there is oversight

by the state, a local school board in Kentucky retains substantial control over the operation of its district. The Magistrate Judge concluded that local school boards in Kentucky are not merely state agencies. The Magistrate Judge adopted the analysis and conclusions reached in *Cunningham v. Grayson,* 541 F.2d 538, 543 (6th Cir.1976):

> JCBE [Jefferson County Board of Education], 'a body politic and corporate with perpetual succession,' may sue and be sued, contract, purchase, receive, hold and sell property, and issue bonds, establish curriculum and employment standards and, most importantly, levy school taxes through the county fiscal court.

(Citations omitted). Therefore, Creager's claims against the Board will not be dismissed on the basis of Eleventh Amendment immunity.

The Board also relies on *Clevinger v. Board of Education of Pike County Kentucky,* 789 S.W.2d 5, 10–11 (Ky.1990), in which the Supreme Court of Kentucky reaffirmed that local school boards in Kentucky are entitled to state law sovereign immunity, and, in so doing, stated that "[t]here has never been any question about the status of a local school board as an agency of state government...." The *Clevinger* court interpreted the United States Supreme Court decision in *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) as holding that local government units protected by state sovereign immunity are not "persons" under § 1983.

The United States Supreme Court has rejected the Kentucky court's view of *Will. Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). The *Howlett* court held that state law sovereign immunity does not, alone, operate to preclude a federal civil rights complaint from being heard. *See, e.g., Blackburn, supra.*

■ Finally, defendants argue that it serves no purpose for the Board members' names to appear in the caption of the case, in that the Board members are sued in their official capacity only. It is, of course, unnecessary to retain the named individuals when the real party in interest is the Board. *Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir.1991). A suit against the Board member in his or her official capacity is, in effect, a suit against the Board. *Monell v. Dept. of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Official-capacity suits are to be treated as actions against the entity employing the party and not as actions against the party itself. *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985). The Court agrees with defendants' position. The individual names of the Board members will thus be dismissed, and the defendants' motion will be granted to this extent.

### CONCLUSION

In accord with the foregoing memorandum opinion,

IT IS ORDERED that the plaintiff is foreclosed from proceeding with his due process claim insofar as it purports to rest upon a property right, and defendants' motion to dismiss is GRANTED to that extent.

IT IS FURTHER ORDERED that the individual Board members, being sued in their official capacities, are DISMISSED from the action, in that the Board is the real party in interest in such an official-capacity case, and defendants' motion to dismiss is GRANTED to that extent.

IT IS FURTHER ORDERED that the defendants' motion to dismiss is DENIED in all other respects.