RENDERED: FEBRUARY 16, 2023
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2022-SC-0024-DG

JEFFERSON COUNTY PUBLIC SCHOOLS                                    APPELLANTS
A/K/A JEFFERSON COUNTY BOARD OF
EDUCATION; AND BRIAN LOUIS RAHO


                              ON REVIEW FROM COURT OF APPEALS
V.                                      NO. 2020-CA-1134
                        JEFFERSON CIRCUIT COURT NO. 17-CI-001177


SHONTAI TUDOR, MOTHER AND NEXT                                        APPELLEE
FRIEND OF J.T., A MINOR


**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>REVERSING</u>**


Shontai Tudor, mother and next friend of J.T., a minor, brought suit alleging assault and battery against Jefferson County Public Schools a/k/a Jefferson County Board of Education and Brian Louis Raho, the Assistant Principal at Western High School. Western High School is operated by the Jefferson County Board of Education. The Jefferson Circuit Court granted summary judgment to the Jefferson County Board of Education and Raho on immunity grounds. The Court of Appeals reversed. This Court then granted discretionary review solely to address the issue of whether the Jefferson County Board of Education is entitled to summary judgment on its immunity claim. For the reasons stated below, we reverse the Court of Appeals on this issue and

reinstate the trial court's dismissal of the case against the Jefferson County Board of Education.

## I. BACKGROUND

On February 2, 2017, J.T. and C.L., two students at Western High School in Jefferson County, engaged in a verbal and physical altercation. Western High School's Assistant Principal, Brian Raho, along with other school staff members and the school resource officer, intervened and separated the fighting students. J.T. was placed in Raho's nearby office, but sought to get back into the hallway to continue the fight. J.T. was physically restrained on the floor of Raho's office by several staff members. During this restraint, Raho's foot made contact with J.T.; however, the nature of that contact is the main factual dispute in this case. Raho alleges he merely placed his foot on J.T. to keep J.T. from breaking free of the other staff members. Conversely, J.T. alleges Raho repeatedly kicked him while he was already subdued.

Based on these events, J.T., through his mother and next friend, Shontai Tudor, brought suit against Raho and Jefferson County Public Schools a/k/a Jefferson County Board of Education (hereinafter, "BOE") for assault and battery. All parties sought summary judgment. The trial court granted the motion for summary judgment made by the BOE and Raho, finding that the BOE was entitled to sovereign immunity[1] and that Raho was entitled to

---

[1] As discussed below, the trial court incorrectly found that the BOE was entitled to sovereign immunity. The BOE is actually protected by governmental immunity.

2

qualified official immunity. In its opinion and order, the trial court noted that Tudor failed to respond to the BOE's argument that it was immune.

Tudor appealed the trial court's dismissal to the Court of Appeals, arguing that the trial court erred in granting immunity to the BOE and Raho.[2] However, Tudor's analysis in her brief to the Court of Appeals only addressed the facts and law as they related to Raho's qualified official immunity. The Court of Appeals, likewise, focused its immunity analysis only on Raho's qualified official immunity and reversed the trial court on this issue. However, in the concluding paragraph of its opinion, the Court of Appeals stated, "Summary judgment in favor of Raho and [the BOE] must therefore be reversed and the case remanded for additional proceedings." This broad reversal language served not only to reverse the trial court's finding of qualified official immunity for Raho, but also to reverse the finding of sovereign immunity for the BOE.

The BOE and Raho then sought discretionary review from this Court. We granted their motion "solely with respect to the issue of whether [the BOE] is entitled to summary judgment on its immunity claim" and denied the motion "with respect to all other issues." Despite this clear direction, Tudor's brief to this Court failed to address whether the trial court erred in granting summary judgment to the BOE on the basis of sovereign immunity. Instead, it only

---

[2] Tudor also argued to the Court of Appeals that the trial court erred by denying a motion to compel that she had filed in that court. This issue is not before us today.

discussed whether Raho was entitled to qualified official immunity under the relevant law. Nonetheless, the case stands ready for this Court's decision.

## II. ANALYSIS

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Sys., Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Summary judgment is only proper when "it would be impossible for the respondent to produce any evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 480 (Ky. 1991).

"The issue of whether a defendant is entitled to the defense of sovereign or governmental immunity is a question of law." *Univ. of Louisville v. Rothstein,* 532 S.W.3d 644, 647 (Ky. 2017) (citing *Rowan Cnty. v. Sloas,* 201 S.W.3d 469, 475 (Ky. 2006)). This Court reviews questions of law de novo. *Id.* (citing *Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007)).

The BOE and Raho argue that Tudor waived any argument that the BOE is not entitled to immunity. We discuss waiver in little detail however, because our precedent is clear that the BOE is shielded by governmental immunity.

*A. Waiver*

In their reply brief to this Court, the BOE and Raho argue that Tudor waived any argument against the BOE's entitlement to immunity because

4

Tudor failed to address this issue at any level of the court system. "The common definition of a legal waiver is that it is a voluntary and intentional surrender or relinquishment of a known right, or an election to forego an advantage which the party at his option might have demanded or insisted upon." *Greathouse v. Shreve*, 891 S.W.2d 387, 390 (Ky. 1995) (quoting *Barker v. Stearns Coal & Lumber Co.*, 291 Ky. 184, 163 S.W.2d 466, 470 (1942)). "[W]aiver may be implied 'by a party's decisive, unequivocal conduct reasonably inferring the intent to waive,' as long as 'statements and supporting circumstances [are] equivalent to an express waiver.'" *Moore v. Asente*, 110 S.W.3d 336, 360 (Ky. 2003) (citing *Greathouse v. Shreve*, 891 S.W.2d 387, 391 (Ky. 1995)).

Despite the BOE's repeated arguments that it is entitled to sovereign immunity, Tudor has failed to respond to those arguments at every opportunity. Even to this Court, after our explicit limitation of our review to the issue of the BOE's entitlement to immunity, Tudor still did not address it. At worst, Tudor's failure amounts to waiver. *See Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 815 (Ky. 2004) (holding that failure to address discovery request in appellate brief constituted a waiver of the issue). At best, it amounts to a failure to preserve and adequately present the issue for our review. However, we need not decide whether Tudor waived this issue or merely failed to preserve it, as a review of our precedent regarding a board of education's entitlement to immunity leads to the same result.

*B. Immunity*

We now turn to whether the BOE is shielded by immunity. To do so, we first must clarify the difference between sovereign immunity and governmental immunity. "*[S]overeign* immunity is limited to the Commonwealth itself, as well as counties and governments formed according to statute." *Bryant v. Louisville Metro Housing Auth.*, 568 S.W.3d 839, 845 (Ky. 2019). Governmental immunity, on the other hand, is "an extension of sovereign immunity." *Id.* "It is based in the concept that sovereign immunity should extend to departments, boards or agencies that are such integral parts of state government as to come within regular patterns of administration organization and structure." *Id.* at 845–46 (citations, internal quotation marks, and alterations omitted). Because the BOE is neither the Commonwealth nor a county or other government, it is not entitled to sovereign immunity. Instead, the question is whether it is entitled to governmental immunity, and decades of our precedent has provided a clear answer to that question.

"At least since 1941 this Court has recognized that a County Board of Education is an arm of state government, and as such enjoys . . . immunity against liability and tort." *Clevinger v. Bd. of Educ. of Pike Cnty.*, 789 S.W.2d 5, 10 (Ky. 1990). This sentiment was echoed and clarified in *Grayson County Board of Education v. Casey*, in which we explained,

> A board of education is an agency of state government and is cloaked with governmental immunity; thus, it can only be sued in a judicial court for damages caused by its tortious performance of a proprietary function, but not its tortious performance of a

6

> governmental function, unless the General Assembly has waived its immunity by statute.

157 S.W.3d 201, 202–03 (Ky. 2005) (citing *Schwindel v. Meade Cnty.,* 113 S.W.3d 159, 168 (Ky. 2003); *Yanero v. Davis,* 65 S.W.3d 510, 526–27 (Ky. 2001)). We further explained that "the board cannot be held vicariously liable in a judicial court because of [an] employee's negligence." *Id.* at 203 (citing *Williams v. Ky. Dep't of Educ.,* 113 S.W.3d 145, 155 (Ky. 2003); *Yanero,* 65 S.W.3d at 527).

In this case, there has not been and cannot be any argument that the BOE was engaged in a proprietary function when Raho and the other staff members interceded in the fight between J.T. and C.L. Further, no party argues that the General Assembly has waived the BOE's immunity by statute. Thus, the BOE is protected by governmental immunity from the suit filed against it by Tudor. Accordingly, the Court of Appeals erred in reversing the trial court's grant of summary judgment to the BOE. While the trial court cited to the incorrect type of immunity, it correctly found that the BOE was immune from the suit, and its grant of summary judgment to the BOE should have been affirmed.

### III. CONCLUSION

For the foregoing reasons, we reverse the Court of Appeals' opinion to the extent that it reversed the Jefferson Circuit Court's grant of summary judgment in favor of the Jefferson County Public School a/k/a Jefferson County Board of Education. We hereby reinstate the Jefferson Circuit Court's dismissal of Tudor's claims against the Jefferson County Board of Education. This Opinion,

however, has no effect on the Court of Appeals' reversal of summary judgment granted in favor of Raho.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Christopher Tyson Gorman
Roosevelt Joseph Stennis, Jr.
Thomas Edwin Joseph Travis
Wyatt Tarrant & Combs LLP

COUNSEL FOR APPELLEE:

Aubrey Williams
Aubrey Williams & Associates